STEVEN DUKES, Plaintiff-Appellant, v. J.I. CASE COMPANY, Defendant and Third-Party Plaintiff (McCartin-McAuliffe Plumbing & Heating, Inc., Third–Party Defendant-Appellee).

Fourth District   No. 4—88—0845

Opinion filed July 20, 1989.

Phebus, Tummelson, Bryan & Knox, of Urbana (Joseph W. Phebus and Jeffrey W. Tock, of counsel), for appellant.

Craig J. Causeman, of Thomas, Mamer & Haughey, of Champaign, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Steven Dukes appeals the denial of his petition for declaratory judgment. In the petition, Dukes sought an order declaring that the defendant, McCartin-McAuliffe Plumbing & Heating, Inc. (McCartin), must pay 25% of the reimbursement received from Dukes pursuant to section 5(b) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b)) to Dukes' attorneys as required by section 5(b). Dukes contends the trial court's finding that Dukes' attorneys did not substantially contribute to Dukes' recovery in a products liability action against J.I. Case Company (Case) is contrary to the evidence. In addition, Dukes maintains that because McCartin was reimbursed for the workers' compensation benefits it paid to Dukes, Dukes' attorneys are entitled to payment as provided in section 5(b). We agree and reverse.

This case began in 1978 when Dukes was injured on the job while employed by McCartin. Dukes received workers' compensation payments from McCartin in the amount of $60,500.58. On November 26, 1980, a products liability action against Davis Manufacturing (now J.I. Case Company) (Case) was filed on Dukes' behalf by attorneys for McCartin to preserve McCartin's ability to recover the workers' compensation benefits paid to Dukes. On February 15, 1982, attorneys for Dukes filed an appearance in the action and McCartin's attorneys withdrew as counsel for Dukes on March 19, 1982. On October 29, 1982, Case filed a contribution action against McCartin. After a jury trial in April 1984, Dukes was awarded $175,000 in damages, reduced to $148,750 because of Dukes' conduct while using the equipment. The jury also found Case was 47.05% liable and McCartin was 52.95% liable for Dukes' damages.

This court reversed the reduction of Dukes' damages and the apportionment of damages in the first appeal. (*Dukes v. J.I. Case Co.* (1985), 137 Ill. App. 3d 562, 483 N.E.2d 1345.) The supreme court affirmed this court's decision on the reduction of Dukes' damages but reversed our decision on the apportionment of damages and remanded the case back to this court. (*Dukes v. J.I. Case Co.* (1987), 118 Ill. 2d 447, 516 N.E.2d 260.) On remand, this court affirmed the jury's apportionment of damages. *Dukes v. J.I. Case Co.* (1988), 170 Ill. App. 3d 1162 (unpublished order under Supreme Court Rule 23).

On February 3, 1988, Dukes filed a petition for declaratory judgment. In his petition, Dukes stated that attorneys for McCartin denied liability for attorney fees under section 5(b) of the Act. (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b).) Dukes requested an order declaring

McCartin was liable for the 25% payment as provided in section 5(b).

On November 10, 1988, the trial court denied Dukes' petition. The court found that: (1) the services of Dukes' counsel did not substantially contribute to the procurement of the proceeds; (2) that Dukes is not entitled to the 25% attorney fee award because McCartin, not Dukes, instituted a suit against Case; and (3) the section 5(b) attorney fee provision is operative only in situations where the ultimate apportionment of fault is such that the employer is not exposed to liability beyond its prior workers' compensation outlay.

Dukes contends that the trial court's decision fails to address the issues argued by the parties. Dukes maintains that the parties agree that Dukes' attorneys "substantially contributed" toward the procurement of the judgment against Case and, therefore, the only issue under section 5(b) is whether McCartin has been "reimbursed." Dukes argues McCartin has been reimbursed, and thus, McCartin must pay 25% of its reimbursement to Dukes' attorneys. According to Dukes, the fact that McCartin's lien ($60,500.58) is less than its liability ($92,662.50), as established in the products liability action, is irrelevant.

McCartin contends it was not reimbursed because its liability exceeds the workers' compensation benefits it has paid. Regarding the issue of "substantial contribution," McCartin admits it did not dispute this issue in the trial court and agrees that Dukes' attorneys did substantially contribute to plaintiff's efforts to obtain the judgment. However, McCartin urges that "substantial contribution" must be interpreted to mean efforts expended on McCartin's behalf. Because Dukes' attorneys did not act for McCartin, the trial court's order must be affirmed. In the alternative, McCartin urges this court to adopt the trial court's reasoning regarding "an accommodation" between the Act and "An act in relation to contribution among joint tortfeasors" (Contribution Act) (Ill. Rev. Stat. 1987, ch. 70, par. 301 et seq.).

Section 5(b) of the Act provides:

"[Paragraph No. 1:] (b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment

is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.

[Paragraph No. 2:] Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement.

\* \* \*

[Paragraph No. 5:] In the event the employee or his personal representative fails to institute a proceeding against such third person at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representatives all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act, and costs, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability." (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b).)

The trial court reasoned that because the products liability action was *filed* on Dukes' behalf by McCartin, paragraphs 1 through 4 of section 5(b) do not apply. The trial court focused on the last paragraph of section 5(b), above, which states in part:

"In the event the employee \* \* \* fails to institute a proceeding against such third person \* \* \* the employer may in his own name or in the name of the employee \* \* \* *commence* a proceeding against such other person \* \* \* and out of any amount recov-

ered the employer ***." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b).)

While McCartin filed the action against Case in Dukes' name, the record establishes that McCartin's attorneys merely filed the complaint and answered some interrogatories. Thereafter, Dukes' attorneys prosecuted the action against Case. Dukes urges that McCartin's actions do not preclude this case from falling within paragraphs 1 through 4 of section 5(b).

■ In ascertaining legislative intent, the statute must be read as a whole and all relevant parts must be considered. (*People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569.) There is a presumption that the legislature did not intend to enact a statute with unjust consequences. *In re Application of Boone County Collector* (1985), 131 Ill. App. 3d 939, 945, 476 N.E.2d 800, 804.

■ Viewing all paragraphs of section 5(b) as a whole, rather than disjunctively, we do not find McCartin's argument persuasive. In our view, section 5(b) allows attorneys for employees who *obtain a judgment* from a third party to recover from the employer 25% of the workers' compensation lien if the employee's attorneys substantially contributed to the procurement of the judgment. In addition, section 5(b) allows an employer who *obtains a judgment* against a third party for an employee to charge his or her reasonable attorney fees against that portion of the judgment in excess of the employer's lien. Paragraphs 2 and 5 of section 5(b) must be read to contemplate which party's attorneys litigate the third-party action. Only when the employer brings the suit *and litigates* the suit to a judgment can the employer receive the amount of the compensation lien free from the obligation to pay 25% of the reimbursement to the employee's attorneys.

■ Whether Dukes' attorneys substantially contributed to the procurement of the proceeds out of which McCartin is reimbursed is a question of fact. (*Reno v. Maryland Casualty Co.* (1962), 27 Ill. 2d 245, 249, 188 N.E.2d 657, 659.) It is undisputed that the attorneys for Dukes have litigated this suit against Case from February of 1982 through the several appeals to this court and to the supreme court. The undisputed facts establish that Dukes' attorneys did substantially contribute to the procurement of the judgment by prosecuting this suit. Accordingly, the trial court erred in focusing on the party who filed the suit as opposed to the party who litigated and recovered a judgment from the third-party action.

Dukes also contends the trial court's reliance on *dicta* in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, to support its conclusion was erroneous. In *Doyle,* the court held that the Contribution Act

does not immunize an employer from a third-party action for contribution for injuries sustained by an employee, notwithstanding the fact that no direct action by the employee against the employer could lie because of section 5(a) of the Act. (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a); *Doyle*, 101 Ill. 2d at 14, 461 N.E.2d at 388.) The *Doyle* court went on to note a potential conflict between the Contribution Act and section 5(b) of the Act. Specifically, the court stated:

> "In this connection, however, we feel compelled to invite the attention of the parties to the possible relevance of the provisions of section 5(b) of the *** Act [citation]. In substance it allows an employer to recoup the amount of the compensation paid by him to his injured employee from the proceeds of any award, judgment or settlement fund out of which the employee might be compensated for his injury by a third party *** who has caused the employee's injuries. The extent to which any right of contribution from the employer under the Contribution Act may impact upon this right of recoupment by the employer has not been raised by the parties in their pleadings and consequently not briefed. At this point, absent the assistance of any guidance by the third-party plaintiff and the employer, and bearing in mind that this case is still at the pleading stage, we are not prepared to indicate how this aspect of the *** Act may affect the operation of the Contribution Act or what adjustments will be necessary because of the recoupment provision. Nevertheless, we caution that some accommodation between these two statutes may be in order." *Doyle*, 101 Ill. 2d at 14-15, 461 N.E.2d at 388-89.

In the instant case, the trial court interpreted this language as suggesting that once an employer's liability for contribution has been established, this amount operates as a "cap" on the amount an employer must be "out of pocket." According to the trial court, where, as here, the liability of an employer in contribution exceeds any compensation benefits paid to an employee, the employer is not liable for the payment of attorney fees under section 5(b). McCartin urges the trial court's reasoning effects a result in keeping with the jury's apportionment of damages between Case and McCartin, where McCartin was found liable to Dukes in the total amount of $92,662.50. If McCartin were ordered to pay 25% of the workers' compensation benefits paid or $18,852.80 to Dukes' attorneys, its overall liability would be in excess of that amount set by the jury.

■ McCartin's liability established in the third-party action is irrelevant to the issue presented and thus, we reject McCartin's argu-

ment. We find support for our conclusion in *Carver v. Grossman* (1973), 55 Ill. 2d 507, 305 N.E.2d 161, and *Kochan v. Arcade Electric Co.* (1987), 160 Ill. App. 3d 1, 512 N.E.2d 1295, where it was decided that an employer's negligence has nothing to do with the employer's statutory right to recover, in full, compensation payments made to an employee. Likewise, an employer's negligence is irrelevant to the obligation of an employer to pay attorney fees under section 5(b) if the substantial contribution test is met.

Further, the quoted language from the *Doyle* case relied upon by the trial court cannot be viewed as authority for this case. Nowhere in this language did the *Doyle* court refer to the provision in section 5(b) concerning attorney fees. Rather, the general discussion in *Doyle* concerned the Contribution Act, not the Workers' Compensation Act. Any suggestion that the *Doyle* court may have envisioned the situation herein presented does not permit this court to ignore the plain language of section 5(b) of the Act.

■ Section 5(b) is unambiguous regarding attorney fees. Where the language of a statute is certain and unambiguous, "the only legitimate function of the courts is to enforce the law as enacted by the legislature." (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84, 256 N.E.2d 758, 764.) "It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent." *Sheahen*, 45 Ill. 2d at 84, 256 N.E.2d at 764.

We also note the reasoning employed by McCartin would place the burden for attorney fees in these types of cases on those employers found culpable for an employee's injuries in an amount less than their workers' compensation lien, while relieving those employers found more culpable from a statutory obligation. This court cannot sanction such a result, given a legislative enactment which does not so provide.

The parties next ask this court to determine the meaning of the term "a reimbursement" in section 5(b). Although the parties argued this issue below, the trial court did not address the issue.

Dukes argues "reimbursement" refers to the amount of an employer's compensation lien and has no relation to liability under the Contribution Act. Dukes cites *Reno v. Maryland Casualty Co.* (1962), 27 Ill. 2d 245, 188 N.E.2d 657, and *Railkar v. Boll* (1970), 125 Ill. App. 2d 203, 260 N.E.2d 851, in support of his argument.

McCartin contends that it did not receive any "reimbursement" from Dukes' suit against Case but instead received additional liability in the amount of $32,161.92, the difference between its contribution liability ($92,662.50) and its compensation lien ($60,500.58). Because it

was not reimbursed, McCartin argues it is not liable to pay 25% of its compensation benefits to Dukes' attorneys. McCartin again argues its analysis effects an accommodation between the Contribution Act and the Act.

In *Railkar*, the amount recovered in the third-party action was less than the employer's compensation lien. Before determining whether the 25% was applied against the gross recovery or the net remaining after costs were deducted, the court concluded that the term "any reimbursement" in section 5(b) refers to the amount of the employer's lien repaid by the employee out of any recovery in a third-party action.

Similarly, in construing section 5(b), the *Reno* court stated:

"The plain purpose of this provision, which was added to section 5(b) in 1957, was to require an employer to contribute to the necessary costs of the employee's recovery against a negligent third party where the employer is to receive reimbursement from the recovery *for workmen's compensation payments made or to be made to the employee.*" (Emphasis added.) *Reno*, 27 Ill. 2d at 247, 188 N.E.2d at 658.

■ We conclude "reimbursement" in section 5(b) refers to the amount of an employer's compensation lien and has no connection with an employer's liability as established in a third-party action. Thus, McCartin has received reimbursement and is required under section 5(b) to pay 25% of this amount to Dukes' attorneys. While it may be that had McCartin not filed the suit against Case on Dukes' behalf, it is likely Dukes would not have recovered anything and McCartin would not be before this court, the fact remains that Dukes did recover against Case and is entitled to the statutory attorney fees. Equity cannot prevail against the unambiguous evidence of legislative intent. See *Continental Casualty Co. v. Sweda* (1969), 113 Ill. App. 2d 423, 251 N.E.2d 65.

For the foregoing reasons, we reverse the order of the trial court.

Reversed.

LUND and KNECHT, JJ., concur.