(No. 72123.—

ALVIN D. WELCH *et al.*, Appellees, v. DAVID N. JOHNSON *et al.* (David N. Johnson, Appellant).

*Opinion filed February 19, 1992.*

Richard F. Friedman and Ernesto D. Borges, Jr., of Chicago, for appellant.

Nathaniel R. Howse, Jr., and P. Scott Neville, Jr., of Chicago, for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant David N. Johnson appeals from a judgment of the appellate court reversing the circuit court of Cook County's summary judgment in favor of defendant, voiding the results of the April 2, 1991, election for the office of mayor of the City of Harvey, Illinois, and ordering a special election for that office. (214 Ill. App. 3d 478.) We reverse.

## INTRODUCTION

As there is no dispute as to the underlying facts and procedural history of this case, as set out in the appellate court's opinion, we will refer to the history and facts only as necessary to give a frame of reference for our decision.

The ultimate issue presented in this case is whether removal from the ballot of a candidate for elective office is a permissible sanction for the candidate's filing, in relation to his candidacy, of a statement of economic interests which is not true, correct and complete due to inadvertence on the candidate's part. We conclude that such removal from the ballot is not a permissible sanction. Before setting forth our reasoning on that issue, however,

we must address three preliminary issues raised by the parties.

## OUR JURISDICTION OVER APPEAL

First, plaintiffs contend that we do not have jurisdiction over defendant's appeal. Specifically, plaintiffs assert that defendant's petition for leave to appeal from the final judgment of the appellate court, which defendant filed on June 18, 1991, was not filed within 35 days of the date of entry of the appellate court's judgment, which plaintiffs contend was April 19, 1991. On April 19, 1991, the appellate court entered an order granting plaintiffs relief and stating that a written opinion or order expressing reasons for the instant order would be filed in due course. Defendant asserts that his petition for leave to appeal was timely filed within 35 days of the appellate court's final judgment, which he contends was the May 14, 1991, written opinion of the court setting forth its reasons for the April 19, 1991, order.[1]

We previously denied, on July 12, 1991, the same motion by plaintiffs based essentially on the same arguments and case law contained in their brief on appeal. In view of that denial and our construction of our rules, we conclude that we have jurisdiction over defendant's appeal.

Supreme Court Rule 315(b) prescribes the time limits for petitioning for leave to appeal to this court and, in so

---

[1]Plaintiffs do not contest that defendant had 35 days to file a petition for leave to appeal rather than the 21 days otherwise allowed under Supreme Court Rule 315(b) (134 Ill. 2d R. 315(b)) because he filed, within 21 days of May 14, 1991, an affidavit of intent to file a petition for leave to appeal to this court. While we find illogical plaintiffs' choosing to contest the timeliness of defendant's petition for leave to appeal rather than that of the affidavit of intent to do so which preceded the petition, we do not believe it is dispositive.

doing, refers to petitions for rehearing in the appellate court and the time limit therefor. The rule does so in terms of the date of entry of the "judgment" of the appellate court. (134 Ill. 2d R. 315(b).) Supreme Court Rule 367(a) actually provides for the filing of petitions for rehearing in the appellate court and prescribes the time limit. It does so in terms of the date of entry of the "opinion" of the appellate court. (134 Ill. 2d R. 367.) Finally, Supreme Court Rule 23, relating to appeals to the appellate court, mandates that "a case shall be disposed of by opinion" where: (1) a majority of the panel deciding the case determines that any one of four criterion set forth therein are met; or (2) a concurring or dissenting opinion is proposed to be filed, unless the panel unanimously decides that an opinion will not be filed. 134 Ill. 2d R. 23.

Construing the above rules together and in light of the fact that the order issued by the appellate court in this case on March 19, 1991, indicated both that an opinion would be filed "in due course" and that one of the three justices on the panel dissented from the order, it is clear to us that the final judgment of the appellate court was not entered until its opinion was filed on May 14, 1991. As such, we have jurisdiction over defendant's appeal.

## CIRCUIT COURT'S JURISDICTION OVER PLAINTIFFS' COMPLAINT

Next, defendant argues that the circuit court did not have jurisdiction over plaintiffs' complaint because they failed to exhaust their administrative remedies. Specifically, defendant argues that objections to nomination papers, which defendant contends include statements of economic interests filed in relation to candidacies for elective office under section 10—5 of the Election Code (Ill. Rev. Stat. 1989, ch. 46, par. 10—5), must be brought

before and decided by the election authority with whom the nomination papers are on file, in this case the municipal officers electoral board of the City of Harvey, before relief from the courts may be sought (Ill. Rev. Stat. 1989, ch. 46, pars. 10—8, 10—9, 10—10, 10—10.1).

Plaintiffs assert that the circuit courts, not local election authorities or officials, have original jurisdiction over challenges to the truthfulness, correctness and completeness of statements of economic interests, filed in relation to candidacies for elective office, for the reason that such statements are not part of the nomination papers required to be filed under the Election Code. We agree.

As plaintiffs note, it is the Illinois Governmental Ethics Act (Ethics Act) (Ill. Rev. Stat. 1989, ch. 127, par. 601—101 *et seq.*), not the Election Code, which actually requires candidates for elective office to file statements of economic interests (Ill. Rev. Stat. 1989, ch. 127, par. 604A—101). Secondly, where a candidate's nomination papers and statement of economic interests are not required to be filed with the same officer, as in this case,[2] section 10—5 of the Election Code merely requires the filing, with the officer with whom the nomination papers are filed, of a receipt for the statement of economic interests from the officer with whom the statement of economic interests is filed, within the time by which the nomination papers must be filed. (Ill. Rev. Stat. 1989, ch. 46, par. 10—5.) Thirdly, and most importantly, the Election Code grants the election authority or local election official with whom certificates of nomination and nomination papers or petitions "are on file" the power and authority to hear objections thereto. (Ill. Rev. Stat.

---

[2]And as in all but a few cases where both are filed with county clerks. Ill. Rev. Stat. 1989, ch. 46, par. 10—6; ch. 127, par. 604A—104.

1989, ch. 46, par. 10—8.) Because statements of economic interests are not on file with such election authorities or officials, we conclude that they do not have jurisdiction over challenges to those statements. As such, we will not reverse the appellate court's judgment based on lack of jurisdiction over this cause.

## MOOTNESS

Next, defendant asserts that this case is moot because the City of Harvey mayoral election has already been held and has resulted in his retaining the office. As plaintiffs note, however, defendant is merely serving in the office of mayor of the City of Harvey until his successor is elected and has qualified. (Ill. Rev. Stat. 1989, ch. 24, par. 3—4—4.) In this regard, we note that "qualified," as that term is used in the Municipal Code, means the taking of the oath of office and the giving of a bond, where required. (See *City of Pekin v. Industrial Comm'n* (1930), 341 Ill. 312.) It is not disputed in this case that defendant has not taken the oath of office upon his reelection. As such, his successor, whether himself or someone else, has not been elected *and qualified.* This case is not moot.

## WAIVER

Next, plaintiffs assert that, in appealing to this court, defendant cannot rely on the record evidence to the effect that his failure to disclose his employment with Community College District 510 in his statement of economic interests was the result of inadvertence. Plaintiffs reason that defendant cannot rely on that evidence because he has not asserted to this court any error in the appellate court's ruling that the trial court improperly admitted that evidence into the record, by way of an offer of proof, and has thus waived any such error. (134 Ill. 2d R. 341(e)(7).) The appellate court reasoned that

the trial court erred in entertaining the offer of proof evidence because, at the time it did so, all that was before it was plaintiffs' motion for judgment on the pleadings, which raised no factual questions but only a question of law: the legal sufficiency of the complaint and answer.

It is well established that the rule of waiver is a limitation on parties and not on reviewing courts and that this court, in reviewing the judgments of lower courts, may, in furtherance of its responsibility to reach a just result, override considerations of waiver and consider a point which is either not raised or, if raised, not argued by the appellant. (See *In re Marriage of Sutton* (1990), 136 Ill. 2d 441.) In the instant case, we find that our responsibility to provide a just result outweighs defendant's waiver of any error in the appellate court's ruling on the propriety of the offer of proof.

Having determined that we may examine the correctness of the appellate court's ruling with respect to the offer of proof made by defendant in the trial court, we conclude that the appellate court erred in considering the issue.

At the hearing on plaintiff's complaint, the following colloquy occurred between the court, defendant's counsel, Richard Friedman, and plaintiffs' counsel, Nathaniel Howse, after the trial court indicated from the bench that plaintiffs' oral motion for judgment on the pleadings was granted:

"MR. FRIEDMAN: Your Honor, may we make an offer of proof as to the matters that we alleged in our answer concerning the intent with which the mistake was made and the public knowledge that *** Mayor Johnson's employment was in the community?

THE COURT: Mr. Howse, do you have any objection?

MR. HOWSE: An offer of proof that if he would have been called what he would have testified to, I have no objection to.

THE COURT: All right.

MR. FRIEDMAN: May we put that on through Mayor Johnson, your Honor?

THE COURT: Yes, you may put him on.

MR. HOWSE: This is in relation as to what he would testify if he was called?

MR. FRIEDMAN: I would like to put this offer of proof through Mayor Johnson.

MR. HOWSE: Your Honor; for the record, I technically have to object if he's going to do that. I thought it was a stipulation.[3]

I don't want to prejudice myself by participating in this matter. I didn't mind the offer of proof, but I do object to the testimony when the judgment has already been entered.

MR. FRIEDMAN: It's simply an offer of proof.

MR. HOWSE: I have no objection to an offer of proof."

From the foregoing colloquy generally, and from plaintiffs' counsel's ultimate representation of no objection to the proposed offer specifically, we conclude that plaintiffs waived any error with respect thereto. It is well established that in order to preserve for appellate review an issue relating to the admission of evidence, a party must object at the time of such admission. In the absence of such an objection, a reviewing court should not consider the issue. As such, the appellate court erred in considering the offer of proof issue and in concluding that the trial court's error in allowing the offer also supported a reversal of its judgment for defendant. In view of our conclusion, we find that the record evidence of

---

[3]Plaintiffs' counsel's reference was to a stipulation filed during the hearing as to certain facts not including defendant's alleged inadvertence in completing his statement of economic interests.

defendant's inadvertence in completing the statement of economic interests filed in relation to his candidacy for the April 2, 1991, City of Harvey mayoral election is properly before this court.

## THE MERITS

Having resolved the preliminary issues, we can now determine the dispositive issue in this cause. The first step in that determination is to set forth the relevant provisions of the Election Code and the Ethics Act.

Section 10—5 of the Election Code provides that the certificate of nomination or nomination papers required thereunder, *inter alia*, "must include a statement of candidacy" which shall, *inter alia*, state that the candidate "has filed (or will file before the close of the petition filing period) a statement of economic interests as required by the Illinois Governmental Ethics Act" and which shall be subscribed and sworn to by such candidate. Section 10—5 further provides that nomination papers filed thereunder are not valid if a candidate fails to file a statement of economic interests as required by the Ethics Act in relation to his candidacy with the appropriate officer by the end of the period for the filing of nomination papers (with an exception not relevant here). Section 10—5 lastly provides that if a candidate's nomination papers and statement of economic interests are not required to be filed with the same officer, the candidate must file, with the officer with whom the nomination papers are filed, a receipt, from the officer with whom the statement of economic interests is filed, showing the date upon which the statement was filed. Ill. Rev. Stat. 1989, ch. 46, par. 10—5.

Section 4A—104 of the Ethics Act provides that statements of economic interests required to be filed with a county clerk under the Act, with whom defendant was required to file his statement (Ill. Rev. Stat. 1989, ch.

127, pars. 604A—101, 604A—106), shall be verified, dated and signed by the person making the statement and requires the maker to list the name of any unit of government which employed him during the preceding calendar year other than the unit of government in relation to which the statement was filed. With respect to the verification of the statement, the maker is required to declare that he has examined it and, to the best of his knowledge and belief, it is a true, correct and complete statement of his economic interests. The verification clause further states that the maker understands that the penalty for willfully filing a false or incomplete statement shall be a fine or imprisonment or both. Ill. Rev. Stat. 1989, ch. 127, par. 604A—104.

Finally, section 4A—107 of the Ethics Act provides, as alluded to in the verification clause of a statement of economic interest, that any person required to file a statement of economic interests who willfully files a false or incomplete statement shall be guilty of a Class A misdemeanor. That section further provides that failure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office or position of employment. Ill. Rev. Stat. 1989, ch. 127, par. 604A—107; see also Ill. Const. 1970, art. XIII, §2.

A reading of the plain language of these statutes convinces us that removal from the ballot is not a permissible sanction for the filing of a statement of economic interests which is not true, correct and complete when filed with the appropriate officer merely due to inadvertence on the part of the person filing the statement.

In making the willful filing of a false or incomplete statement of economic interest a Class A misdemeanor and in providing for the ineligibility for or forfeiture of office for the failure to file a statement of economic interest within the time prescribed, but failing to impose any sanction at all for the filing of an inadvertently false

and incomplete statement, the Ethics Act strongly intimates that the legislature intended no sanction for the filing of such a statement. It is a fundamental principle of statutory construction that the express mention of one thing in a statute excludes all other things not mentioned. *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 99.

The facts that a candidate for office must verify that his statement of economic interest is true, correct and complete and must subscribe and swear to a statement of candidacy, which must include a statement that he has filed a statement of economic interests as required under the Ethics Act, buttress, rather than contradict, this conclusion. The requirement of subscribing and swearing to the statement of candidacy implicates the perjury provision of the Election Code, section 29—10 (Ill. Rev. Stat. 1989, ch. 46, par. 29—10; see also *Serwinski v. Board of Election Commissioners* (1987), 156 Ill. App. 3d 257, 260). Section 29—10 makes a false statement, material to the issue or point in question, which the maker does not believe to be true, in any affidavit, certificate or sworn oral declaration required by any provision of the Code, a Class 3 felony. In establishing *scienter* as an element for false statements subject thereto, section 29—10 strongly intimates that merely innocently or inadvertently false statements shall not be cause for the imposition of any sanction thereunder.

The verification provision of section 4A—104 of the Ethics Act serves essentially the same purpose of the subscription and oath provision of section 10—5 of the Code, except for the fact that a knowing and intentional violation thereof constitutes a Class A misdemeanor under section 4A—107 of the Ethics Act.

Plaintiffs read the language in section 10—5 of the Code that "nomination papers filed [hereunder] are not valid if the candidate named therein fails to file a state-

ment of economic interests *as required* by the Illinois Governmental Ethics Act" (emphasis added), when read with sections 4A—104 and 4A—107 of the Ethics Act, as categorically requiring a candidate to file a statement of economic interests which is true, correct and complete. That is, plaintiffs imply, inadvertence is no excuse and as long as a statement of economic interests is not true, correct and complete when filed, nomination papers will be invalid, regardless of the reason therefor.

In light of section 4A—107 of the Ethics Act, we cannot concur in plaintiffs' construction of section 10—5. Even if the "as required" language of section 10—5 is a reference to the substantive requirements which statements of economic interests filed under the Ethics Act must meet, rather than merely a reference to the fact that the Ethics Act, not the Election Code, actually requires the filing of such statements, the fact remains that section 4A—107, and by implication the verification requirement of section 4A—104, merely require the filing of such statements containing no willful or intentional falsehood, whether by inclusion or omission. As such, we do not construe section 10—5 of the Code, even in light of sections 4A—104 and 4A—107 of the Ethics Act, as categorically requiring the filing of true, correct and complete economic interests statements.

Buttressing our construction of section 10—5 is the provision therein that nomination papers are invalid if a candidate fails to file a statement of economic interests "by the end of the period for the filing of nomination papers unless he has filed [such a statement] in relation to the same governmental unit during the same calendar year as the year in which the nomination papers were filed."

That this provision refers to a complete failure to file a statement of economic interests and not merely the filing of an inadvertently untrue, incorrect or incomplete

statement is made clear by sections 4A—105 and 4A—107 of the Ethics Act. Section 4A—105(a) provides that "[a] candidate for elective office shall file his statement not later than the end of the period during which he can take the action necessary *** to attempt to qualify for nomination, election or retention to such office if he has not filed a statement in relation to the same unit of government within a year preceding such action." (Ill. Rev. Stat. 1989, ch. 127, par. 604A—105.) Section 4A—107, in turn, provides that "[f]ailure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office." (See also Ill. Const. 1970, art. XIII, §2.) Reading section 10—5 of the Code in light of sections 4A—105 and 4A—107 of the Ethics Act, it is clear that the failure to file referred to means a complete failure to file any economic statement within the time prescribed for doing so rather than the filing of an economic statement which is untrue, incorrect or incomplete due to inadvertence or innocent mistake.

In view of our construction of the relevant provisions of the Code and the Ethics Act, we find unavailing to plaintiffs the case law upon which they rely for their construction of those provisions as categorically requiring the filing of true, correct and complete statements of economic interests.

In *Havens v. Miller* (1981), 102 Ill. App. 3d 558, candidates for election to a school board filed their statements of economic interests with the board's secretary rather than the county clerk, as mandated by section 4A—106 of the Ethics Act. The statements were not forwarded to the county clerk until two days after the filing deadline. The appellate court ordered the candidates removed from the ballot. The court based its decision on section 2 of article XIII of the Illinois Constitution of 1970, which it found mandatory, and section 4A—106 of the Ethics Act. The former, like section 4A—107 of the

Ethics Act, provides that "[f]ailure to file a statement [of economic interests] within the time prescribed shall result in ineligibility for, or forfeiture of, office." (Ill. Const. 1970, art. XIII, §2.) The latter informs the public that statements filed by candidates such as those in *Havens* shall be available for inspection at the office of the county clerk. Although not relied upon by the court therein, *Havens* is clearly, unlike this case, a case of a complete failure to file a statement of economic interests "with the appropriate officer" as that term is used in section 10—5 of the Election Code. It is, thus, of no avail to plaintiffs.

Also of little assistance to plaintiffs is *Troutman v. Keys* (1987), 156 Ill. App. 3d 247, which cites *Havens* for the proposition that the Ethics Act "devolves upon a candidate not only the duty to file a disclosure statement, but one which is true, correct and complete." (*Troutman*, 156 Ill. App. 3d at 252.) Whatever support the foregoing language lends plaintiffs here is seriously undermined by the immediately following acknowledgement by the *Troutman* court of the provisions of section 4A—107 of the Ethics Act and section 29—10 of the Election Code. As we have noted, those statutory provisions sanction only knowingly or willfully false statements in connection with economic statements, specifically, and elections, generally.

In *Jones v. Municipal Officers Electoral Board* (1983), 112 Ill. App. 3d 926, a candidate for an aldermanic election filed a statement of economic interests which failed to designate the office for which the statement was filed beyond the words "3rd Ward." The appellate court found the candidate's statement in violation of the Election Code. In doing so, the court noted that section 4A—104 of the Ethics Act, in directory terms, requires candidates to reveal the office to which they seek election. Reading that provision together with section

10—5 of the Code, the court found that the latter, in mandatory terms, required a candidate to file a statement of economic interests "in relation to his candidacy," or, in other words, a statement including the designation of the office sought by the candidate. The court concluded that removal from the ballot was the only possible remedy for the taint upon the nomination process caused by the candidate's direct violation of the Election Code.

We find *Jones* of no avail to the plaintiffs for the simple reason that we disagree with them as to what exactly the Election Code, when construed in light of the Ethics Act, mandates of a candidate in relation to the filing of an inadvertently untrue, incorrect and incomplete economic interests statement. Because of that difference, the *Jones* court's conclusion that removal from the ballot is the only possible remedy for the taint upon the nomination process caused by the candidate's violation of the Election Code is inapplicable here.

In view of our conclusion that removal from the ballot is not a proper sanction for the filing of inadvertently untrue, inaccurate or incomplete statements of economic interests in connection with candidacies for elective office, we need not address the remaining arguments of the parties.

In the last analysis, we are not unmindful that the provisions of the Election Code are designed to protect the integrity of the electoral process. (*Troutman*, 214 Ill. App. 3d at 483; *Havens*, 102 Ill. App. 3d at 571.) Ultimately, however, we believe that access to a place on the ballot is a substantial right not lightly to be denied. (See *Williams v. Butler* (1976), 35 Ill. App. 3d 532, 536.) In this regard, we find that plaintiffs have raised a meritorious issue. However, the remedy they seek is drastic, and absent a clearer statement by the legislature that it intended that remedy as a sanction for an inadvertent,

as well as willful, omission from a candidate's statement of economic interests, we decline to construe the Election Code in the manner advocated by plaintiffs. Finally, our decision is limited to the circumstances of this case and is not to be taken as an expression of opinion on the sanctions clearly provided by the legislature for the filing of willfully false or incomplete statements of economic interests or for the complete failure to file such statements.

For all of the reasons stated herein, the judgment of the appellate court is reversed and judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*