DARYL CRUDUP, Plaintiff-Appellant, v. JAMES E. SIMS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—97—0912

Opinion filed October 10, 1997.

HOFFMAN, J., specially concurring.

Stanley L. Hill, of Stanley L. Hill & Associates, P.C., and Nathanial R. Howse, Jr., of Howse, Howse, Neville & Gray, both of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Paul Castiglione, Patricia M. Moser, and Patricia Shymanski, Assistant State's Attorneys, of counsel), for appellee David Orr.

Scott F. Uhler, Thomas M. Melody, and Michael T. Jurusik, all of Klein, Thorpe & Jenkins, Ltd., of Chicago, and Timothy C. Lapp, of Buikema, Hiskes, Dillner, O'Donnell & Marovich, Ltd., of Orland Park, for other appellees.

JUSTICE HOURIHANE delivered the opinion of the court:

Plaintiff, Daryl Crudup, and defendant, James E. Sims, were both candidates for election to the office of alderman of the third ward of the City of Harvey, Illinois. Plaintiff filed a complaint for declaratory and injunctive relief seeking to keep defendant's name off the ballot, alleging that defendant filed a false statement of economic interests in violation of section 4A—107 of the Illinois Governmental Ethics Act (Ethics Act) (5 ILCS 420/4A—107 (West 1996)). The circuit court ruled that it was without authority to order defendant's name off the ballot and plaintiff appealed. 155 Ill. 2d R. 301. This court considered the matter on an expedited basis and, in a separate order, affirmed the judgment of the circuit court. Our reasons therefor now follow.

■ As a preliminary matter, we consider defendant's motion to strike portions of plaintiff's reply brief. Defendant asserts that plaintiff's reply contains improper record and legal citations and false and misleading misstatements of fact contrary to Supreme Court Rules 341(e)(6) and (e)(7). 155 Ill. 2d Rs. 341 (e)(6), (e)(7). The motion is denied. That is not to say that this court adopts plaintiff's construction of the record or the law but merely that, for purposes of this appeal, plaintiff's reply brief will stand.

The sole issue on appeal is whether a court has the authority to order a candidate's name off the ballot where the candidate has willfully filed a false statement of economic interests. We conclude that it does not.

■ Section 4A—101 of the Ethics Act mandates that persons who are candidates for nomination or election to an office in a unit of local government must file verified written statements of economic interests. 5 ILCS 420/4A—101(g) (West 1996). Such disclosures are intended to avoid any conflict of interest between the government and its officers and employees and to instill in the public trust and confidence in its elected officials. *Stein v. Howlett*, 52 Ill. 2d 570, 578, 289 N.E.2d 409 (1972). Failure to timely file a statement of economic

interests renders the candidate's nomination papers invalid (10 ILCS 5/10—5(3) (West 1994)) and may also result in ineligibility for, or forfeiture of, office (5 ILCS 420/4A—107 (West 1996)). See also Ill. Const. 1970, art. XIII, § 2.

■ Here, we are not faced with a candidate's total failure to file. Rather, plaintiff alleges that defendant filed a statement that is false and incomplete and that any misrepresentation was intentional.

The Ethics Act requires a candidate to file a statement that, to the best of his knowledge and belief, is true, correct and complete. 5 ILCS 420/4A—104 (West 1994). A candidate who willfully files a false or incomplete statement of economic interests shall be guilty of a Class A misdemeanor. 5 ILCS 420/4A—107 (West 1996). The candidate may also be subject to prosecution for perjury under the Election Code. 10 ILCS 5/29—10 (West 1994); *Troutman v. Keys*, 156 Ill. App. 3d 247, 252, 509 N.E.2d 453 (1987). Significantly, there is nothing in the Election Code, the Ethics Act, or the Illinois Constitution that provides for a noncriminal sanction for the willful filing of a false statement of economic interests. *Troutman v. Keys*, 156 Ill. App. 3d at 252.

Plaintiff argues that section 10—5 of the Election Code, when read in conjunction with section 4A—107 of the Ethics Act, makes it clear that where a candidate willfully files a false or incomplete statement, the candidate's nomination papers are invalid and removal of his name from the ballot is appropriate. We disagree with plaintiff's construction of these two statutes.

As previously noted, section 4A—107 of the Ethics Act sets forth the criminal sanction that attaches to the willful filing of a false or incomplete statement of economic interests. No provision is made for removal of a candidate's name from the ballot or for any other noncriminal sanction.

Similarly, nothing in section 10—5 of the Election Code persuades us that the relief plaintiff seeks is available. Section 10—5 provides in relevant part:

> "Nomination papers filed under this Section are not valid if the candidate named therein fails to file a statement of economic interests *as required in the Illinois Governmental Ethics Act* in relation to his candidacy with the appropriate officer by the end of the period for the filing of nomination papers ***." 10 ILCS 5/10—5 (West 1994).

Our supreme court has interpreted the "as required" language above, not as a reference to the substantive requirements of the Ethics Act, but merely a reference to the fact that the Ethics Act, and not the Election Code, requires the filing of statements of economic

interests. *Welch v. Johnson*, 147 Ill. 2d 40, 53, 588 N.E.2d 1119 (1992). Moreover, section 10—5 refers to and is applicable only where there is a *complete* failure to file such a statement. It does not refer to the filing of a statement that is untrue, incorrect or incomplete. *Welch v. Johnson*, 147 Ill. 2d at 53-54. Thus, section 10—5 of the Election Code provides no authority for the court to order the removal of a candidate's name from the ballot under the circumstances alleged here.

A review of the case law on which plaintiff relies does not persuade us that the legislature contemplated a noncriminal sanction for the willful filing of a false statement of economic interests. In *Havens v. Miller*, 102 Ill. App. 3d 558, 429 N.E.2d 1292 (1981), this court held that candidates for election to a school board who filed their statements with the board's secretary, rather than the county clerk as required by section 4A—106 of the Ethics Act, were ineligible for office. In the case *sub judice* there is no allegation that the statement was filed with the wrong entity, and *Havens v. Miller* is thus not dispositive of the issue before this court.

In *Troutman v. Keys*, also cited by plaintiff, we held that the circuit court possessed original jurisdiction to consider the correctness and completeness of a candidate's statement of economic interests. However, because we ultimately determined that the subject statement was not false, there was no need to consider what, if any, sanction might attach for the willful or inadvertent filing of a false statement. Indeed, we recognized:

> "No provision in the Illinois Constitution, Election Code, or Ethics Act *** expressly provides or suggests the noncriminal procedure to be followed and sanctions to be imposed in an instance where *** it is claimed that the statement of economic interests, timely filed by a candidate, contains false representations." *Troutman v. Keys*, 156 Ill. App. 3d at 252.

Accordingly, *Troutman v. Keys* does not mandate the result plaintiff seeks.

Plaintiff's further reliance on *Welch v. Johnson* is equally unavailing. In *Welch*, our supreme court determined, as a preliminarily matter, that the circuit courts, rather than the election boards, have original jurisdiction over challenges to the truthfulness, correctness and completeness of statements of economic interests. However, the court went on to hold that removal from the ballot is not a permissible sanction for the filing of a statement that is not true, correct and complete due to inadvertence on the candidate's part. The court examined the relevant statutes and could find no clear statement by the legislature that it intended removal from the ballot as a

remedy for an inadvertent omission or misstatement. The court limited its decision to the particular circumstances of that case and expressed no opinion "on the sanctions *clearly* provided by the legislature for the filing of willfully false or incomplete statements of economic interests." (Emphasis added.) *Welch v. Johnson*, 147 Ill. 2d at 57.

We agree with the *Welch* opinion that the Ethics Act and Election Code clearly set forth the sanctions available for the willful filing of false statements, and we will not engage in judicial legislation by creating a right or remedy where none exists. Fundamental rules of statutory construction require us to enforce the statutes as written. *Dukes v. J.I. Case Co.*, 186 Ill. App. 3d 439, 446, 542 N.E.2d 439 (1989). Thus, this court may not read into the Ethics Act or Election Code words and provisions that are not expressly included therein or that may not be fairly implied. *American Ambassador Casualty Co. v. City of Chicago*, 205 Ill. App. 3d 879, 884, 563 N.E.2d 882 (1990). We must guard against creating new rights not supported or suggested by the statutory language. *American Ambassador Casualty Co.*, 205 Ill. App. 3d at 884.

Nothing in the Election Code or Ethics Act can be fairly read as creating a private right of action for the willful filing of a false statement of economic interests. The sanctions provided are criminal in nature and thus within the province of the State's Attorney's office. *Troutman v. Keys*, 156 Ill. App. 3d at 247. Just as the absence of any language in the statutes suggesting a sanction for the inadvertent filing of a false statement caused the court in *Welch* to conclude that the legislature intended no such sanction, we similarly conclude that the absence of any language suggesting a noncriminal penalty for the willful filing of a false statement can only mean that the legislature intended no such penalty. Accordingly, we agree with the trial court that it was unnecessary to consider whether defendant's alleged conduct was willful or inadvertent. In either case, the court was without authority to grant the relief requested.

Where a court lacks the power to grant the relief sought, the court is said to lack subject matter jurisdiction. *In re M.M.*, 156 Ill. 2d 53, 64, 619 N.E.2d 702 (1993). In the *Welch* case, our supreme court held that the circuit court has original jurisdiction to hear challenges to the truthfulness, correctness and completeness of statements of economic interests, yet also ruled that the circuit court lacked the authority to grant the relief requested. However, the narrow issue before the *Welch* court was whether removal from the ballot was a permissible sanction for the inadvertent filing of a false statement, and the court's decision was limited to the particular cir-

cumstances of the case. Significantly, the court did not consider the issue we address today—whether a private right of action exists for the willful filing of a false statement. Thus, we view the supreme court's holding that the circuit courts have original jurisdiction to hear challenges to the truthfulness of statements of economic interests as an indication only that, to the extent a remedy or right of action exists under the Election Code or Ethics Act, the circuit courts are the proper forum in which to adjudicate such matters, rather than before the election authorities. Our decision today makes clear that no private right of action exists under the statutes for the willful filing of a false statement.

For the foregoing reasons, the decision of the circuit court in favor of defendant is affirmed.

Affirmed.

HARTMAN, P.J., concurs.

JUSTICE HOFFMAN, specially concurring:

While I agree that the summary judgment entered by the trial court in this case should be affirmed, I write separately to register my disagreement with the legal analysis employed by the majority in reaching that conclusion.

Extending the decision in *Welch v. Johnson*, 147 Ill. 2d 40, 588 N.E.2d 1119 (1992), the majority concludes that the legislature did not intend removal from the ballot as a sanction for a candidate's willful filing of a false statement of economic interest. 292 Ill. App. 3d at 1079. I disagree.

In *Welch*, the supreme court held that the circuit courts have original jurisdiction over challenges to the truthfulness, correctness, and completeness of statements of economic interest filed in relation to candidacies for elective office (*Welch*, 147 Ill. 2d at 46), but it concluded that removal from the ballot is not a proper sanction for the filing of *inadvertently* untrue, inaccurate, or incomplete statements of economic interest (*Welch*, 147 Ill. 2d at 56). The *Welch* court was careful to point out that its decision should not be taken as an expression of opinion on the sanctions available for the filing of willfully false or incomplete statements of economic interest. *Welch*, 147 Ill. 2d at 57. If, as the majority holds, removal from the ballot is not an available sanction for the willful filing of a false statement of economic interest, one can only wonder as to the purpose of the challenge that the *Welch* court found to be within the jurisdiction of the circuit courts and the relief that might be granted in such an action.

The purpose of the Illinois Governmental Ethics Act (Ethics Act) (5 ILCS 420/1—101 *et seq.* (West 1994)) is to instill in the public trust and confidence in government and its officials by preventing conflicts of interest. *Stein v. Howlett*, 52 Ill. 2d 570, 289 N.E.2d 409 (1972). To that end, the Ethics Act mandates that candidates for public office file verified written statements of economic interest (see 5 ILCS 420/4A—101 (West 1994)) that are "true, correct and complete" to the best of the candidate's "knowledge and belief" (see 5 ILCS 420/4A—103, 104 (West 1994)). Failure to file a statement of economic interest, "as provided by law," renders a candidate ineligible for office. Ill. Const. 1970, art. XIII, § 2.

To my mind, the filing of a willfully false statement of economic interest is the functional equivalent of filing no statement at all. In either case, the very purpose of the Ethics Act is frustrated. Further, the filing of a willfully false statement of economic interest is not the filing of a statement "as provided by law," since the statute mandates the filing of a true and correct statement.

The majority goes on to hold that its decision "makes clear that no *private* right of action exists under the statutes for the willful filing of a false statement." (Emphasis added.) 292 Ill. App. 3d at 1079-80. If the majority means to imply that any action for sanctions by reason of a violation of the Ethics Act must be brought by either the Attorney General or the State's Attorney of the appropriate county and cannot be brought by a private citizen, the general proposition finds support in the decision of this court in *Allen v. Love*, 112 Ill. App. 3d 338, 445 N.E.2d 514 (1983). However, the question of whether a private individual can bring such an action is one of standing. The defendant never moved to dismiss this action by reason of the plaintiff's lack of standing and never raised the issue in his brief. Because lack of standing is an affirmative defense (*Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 494, 524 N.E.2d 561 (1988)) which, if not raised before the trial court, is waived (*Steier v. Batavia Park District*, 283 Ill. App. 3d 968, 971, 670 N.E.2d 1215 (1996)), it should not be addressed, *sua sponte*, by this court.

My disagreement with the reasoning of the majority notwithstanding, I too believe that summary judgment was appropriate under the facts of the case before us.

Summary judgment is to be granted when the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1994); *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376, 313 N.E.2d 457 (1974). In ruling on a motion for summary judgment, the court must construe the pleadings and evidentiary material on file strictly against the movant (*Kolakowski v. Voris*, 83 Ill. 2d 388, 415 N.E.2d

397 (1980)), and draw all reasonable inferences from that evidentiary material that are favorable to the respondent (*Lapidot v. Memorial Medical Center*, 144 Ill. App. 3d 141, 494 N.E.2d 838 (1986)). Evidentiary material submitted in support of a motion for summary judgment will be taken as true, however, unless contradicted by counter-evidentiary material submitted in opposition. *Carruthers*, 57 Ill. 2d at 380; *Fooden v. Board of Governors*, 48 Ill. 2d 580, 272 N.E.2d 497 (1971).

Section 4A—102 of the Ethics Act (5 ILCS 420/4A—102 (West 1994)) required that the defendant, James E. Sims, a candidate for the office of alderman in the City of Harvey, file a statement of economic interest listing, *inter alia*, the name of any entity from which he received income in excess of $1,200 in the preceding calendar year, and the name of any entity doing business with the City of Harvey in which he had an ownership interest with a fair market value in excess of $5,000 or from which he derived dividends in excess of $1,200 in the preceding calendar year. Sims listed no such entities.

The plaintiff charged that Sims filed a false, untrue, and incomplete statement of economic interest and sought his removal from the ballot. In his original complaint, the plaintiff charged that Sims intentionally failed to report 1996 income in excess of $1,200 received from Biotek Corporation, a company doing business with the City of Harvey, and intentionally failed to report his position as a maintenance analyst/consultant with Biotek in 1996, a year in which Biotek received in excess of $5,000 in compensation from the City of Harvey for janitorial services.

Sims filed a verified answer to the plaintiff's original complaint wherein he denied, under oath, that he worked for or derived any income from Biotek in 1996. Sims also filed his own affidavit and the affidavit of the sole shareholder of Biotek stating that Sims did not work for or receive any income from Biotek in 1996.

Sims moved for summary judgment arguing, among other grounds, that the affidavits submitted in support of his answer belied the allegations of the plaintiff's complaint. Although the plaintiff's complaint was verified, its charging allegations were made on "information and belief." Further, the plaintiff never filed counterevidentiary material in opposition to the affidavits submitted by Sims. Instead, the plaintiff filed an amendment to his complaint on the very day that Sims's motion for summary judgment was before the court for hearing. In that amendment, the plaintiff alleged that Sims also failed to disclose his 1996 income from, and ownership interest in, North American Service & Supply (North American), a cleaning service business. However, in response to a notice to produce demand-

ing all documentary evidence in support of the allegations in his complaint, the plaintiff produced portions of the City of Harvey's check register reflecting that North American received a total of $876.40 in compensation for maintenance services in 1996.

Since the plaintiff submitted nothing in opposition to the affidavits submitted by Sims, those affidavits must be taken as true. As such, Sims was clearly entitled to summary judgment on the plaintiff's original complaint relating solely to his alleged failure to disclose a relationship to and income from Biotek. The plaintiff's eleventh-hour amendment to his complaint placed in issue Sims's alleged failure to disclose his income from and ownership interest in North American, an entity doing business with the City of Harvey. Again, however, the plaintiff made his charges in this regard on "information and belief."

In addition to denying that he derived any income from or held any position with Biotek in 1996, Sims averred in his affidavit that his statement of economic interest was true and correct. One of the assertions made by Sims in his statement of economic interest was that he examined the document and, to the best of his knowledge and belief, it was a true, correct and complete statement of his economic interests as required by the Ethics Act. The plaintiff submitted no evidentiary material which, if true, would have required Sims to disclose North American on his statement of economic interest. Consequently, Sims's affidavit averring to the truth and correctness of his statement of economic interest stood uncontradicted.

Although the trial court did not base its entry of summary judgment in this case on the absence of a genuine issue of material fact on the plaintiff's charging allegations, this court can affirm a summary judgment for any reason apparent from the record. *Sentry Insurance Co. v. S&L Home Heating Co.*, 91 Ill. App. 3d 687, 691, 414 N.E.2d 1218 (1980). For the reasons stated above, I find no genuine issue of fact on the willfulness of Sims's failure to disclose North American on his statement of economic interest.