FIRST DIVISION

MARCH 16, 1998

No. 1-98-0561

BERTA REQUENA,

Petitioner-Appellant,

v.

COOK COUNTY OFFICERS ELECTORAL BOARD, and its members, DAVID ORR, RICHARD DEVINE and AURELIA PUCINKSI,

Respondents-Appellees. 

(Ernest E. Wiley, Jr., Objector).

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 98 CO 27

Honorable

Raymond L. Jagielski,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Petitioner Berta Requena appeals from a circuit court order affirming the January 30, 1998, decision by the Cook County Electoral Board (Board) not to permit her name to be placed on the March 17, 1998, Democratic primary ballot for the office of judge of the circuit court of Cook County to fill the vacancy of the Honorable Gino DiVito.  This court considered the matter on an expedited basis and, in a separate order, reversed the judgment of the circuit court and ordered petitioner's name to be placed on the March 17, 1998, Democratic primary ballot for the office of Judge of the Circuit Court of Cook County to fill the vacancy of the Honorable Gino DiVito.  Our reasons therefor now follow.  

I.  FACTS

Petitioner filed nomination papers for the circuit court judicial vacancy for the upcoming primary, including a receipt for the statement of economic interest filed with the Secretary of State pursuant to section 4A-104 of the Illinois Governmental Ethics Act (Ethics Act)(5 ILCS 420/4A-104 (West 1994)). Petitioner stated on the statement and corresponding receipt that she was filing for the office of "Circuit Court of Cook County."

Objector Edward Wiley filed a verified petition challenging petitioner's nomination papers with the Board, asserting that the statement did not properly state the office sought and thus the nomination papers were invalid.

After conducting a hearing, the Board sustained Mr. Wiley's objection and did not permit petitioner's name to be placed on the ballot.  The Board found that petitioner did not adequately designate the office she sought on her statement of economic interests, as she failed to specify which of the 23 judgeships on the circuit court of Cook County she sought.  The Board noted she listed only "Circuit Court of Cook County" as the office designation on her statement, and found the statement to be inadequate as a matter of law.   

On February 18, 1998, the trial court affirmed the Board's decision to keep petitioner's name off the ballot.  It is from this order that petitioner appeals.

II.  ANALYSIS

The purpose behind the Election Code's requirement that a candidate file a statement of economic interests is to facilitate the public's right to information concerning financial dealings between a candidate and the unit of government in which he or she seeks office.  10 ILCS 5/10-5 (West 1994); 
Bryant v. Cook County Electoral Board
, 195 Ill. App. 3d 556, 553 N.E.2d 25 (1990).   In the present case, neither the objector nor the Electoral Board challenges the economic disclosures within petitioner's statement; in fact, petitioner declares no economic interests in her statement.

Rather, the issue is whether petitioner accurately identified the office that she was seeking on the statement of economic interests and, if not, whether removal from the ballot is an appropriate sanction.

Petitioner first contends that her statement of economic interest was correctly filed and that including the phrase "Circuit Court of Cook County" sufficiently described the office she was seeking.  We cannot agree.

The document itself explicitly requires a more specific description of the office sought.  The statement calls for the following:  "DEPARTMENT OR AGENCY - and office or position of employment for which this statement is filed."  The phrase "Circuit Court of Cook County"  does not fully indicate what office or position of employment petitioner is seeking and thus is incomplete.  

We believe the statement of economic interests should indicate the office she is seeking is that of judge of the circuit court of Cook County.  Ideally, the description should include the vacancy sought by petitioner, in this case, the vacancy of the Honorable Gino DiVito.  This would ensure the document completely and accurately informs the public of the nature of petitioner's candidacy.

In 
Lewis v. Dunne
, 63 Ill. 2d 48, 344 N.E.2d 443 (1976), the candidate listed the office he sought as "Judge of the Appellate Court, First Judicial District" on his statement of candidacy, but did not specify the vacancy.  The supreme court overturned the Electoral Board's decision that failure to specify the vacancy in his statement of candidacy rendered his nominating papers invalid.  Likewise, we agree that for purposes of a statement of economic interests, the inclusion of the judicial vacancy is preferable, but not necessary, in order for the statement to be complete and accurate regarding the office or position sought.

The situation in the present case is similar to that in 
Jones v. Municipal Officers Electoral Board
, 112 Ill. App. 3d 926, 446 N.E.2d 256 (1983).  In 
Jones
, a candidate for an aldermanic election filed a statement of economic interests that failed to designate the office for which the statement was filed beyond the words "3rd Ward."  The court found that the words "3rd Ward" did not adequately describe the office of alderman of the third ward as required not only by section 4A-104 of the Ethics Act, but also by section 10-5 of the Election Code, which provides that "[n]omination papers *** are not valid if the candidate named therein fails to file a statement of economic interests *** 
in relation to his candidacy
." (emphasis in original),  
Jones
, 112 Ill. App. 3d at 929, quoting Ill. Rev. Stat. 1981, ch. 46, par. 10-5(3).

The present case is factually analogous to 
Jones
.  In the present case, petitioner also failed to adequately indicate which office she was seeking.  However, we differ from the 
Jones
 court as to what sanction is appropriate for such an error in a statement of economic interests.
  

In 
Jones
, the court found the requirement that a candidate file a statement in relation to his candidacy (
i.e.
, include the office sought) to be mandatory, not directory.  The court held that removal from the ballot is therefore a proper sanction for failure to comply.  
Jones
, 112 Ill. App. 3d at 929.  In light of more recent case law on the subject of sanctions, we find that the sanction in 
Jones
, removal from the ballot, is not appropriate in the present situation.

In support of the assertion that removal from the ballot is an improper sanction for failure to adequately indicate what office she sought, petitioner cites 
Welch v. Johnson
, 147 Ill. 2d 40, 588 N.E.2d 1119 (1992).  In 
Welch
, the Illinois Supreme Court held that "removal from the ballot is not a permissible sanction for the filing of a statement of economic interests which is not true, correct and complete when filed with the appropriate officer merely due to the inadvertence on the part of the person filing the statement."  
Welch
, 147 Ill. 2d at 51.

In 
Welch
, a candidate for mayor of Harvey timely filed his statement of economic interests but omitted the fact he was employed with a unit of government at the time of his candidacy and that he received an honorarium in excess of $500.  He filed an amended statement, and the trial court found that it met all the statutory requirements.  The appellate court reversed, holding that the candidate had failed to comply with the requirements prescribed by Illinois statute and his name should not have appeared on the ballot. 
 
However, the supreme court reversed, and held that removal from the ballot is not a permissible sanction for the filing of a statement of economic interests which is not true, correct and complete merely due to inadvertence on the part of the person filing the statement.  
Welch
, 147 Ill. 2d at 51.

Petitioner also cites the recent case of 
Crudup v. Sims
, 292 Ill. App. 3d 1075, 686 N.E.2d 714 (1997), which extended the holding of 
Welch
.  Relying on the 
Welch
 rationale, the court held that a candidate's name cannot be ordered off the ballot where the candidate has willfully filed a false statement of economic interests, as the General Assembly had not provided for such a sanction.  
Crudup
, 292 Ill. App. 3d at 1077. 

We agree with petitioner's assertion that 
the holding in
 Welch
 and the rationale of 
Crudup
 apply to the present case and hold that the trial court's determination not to allow petitioner on the ballot was an improper sanction.

We first examine the relevant provisions of Illinois law.  Section 10-5 of the Election Code provides that nomination papers are invalid "if the candidate named therein fails to file a statement of economic interests as required in the Ethics Act in relation to his candidacy with the appropriate officer by the end of the period for the filing of nomination papers."  10 ILCS 5/10-5 (West 1994).  This section refers to and is applicable only where there is a complete failure to file such a statement, and does not refer to the filing of a statement that is untrue, incorrect or incomplete.  
Crudup v. Sims
, 292 Ill. App. 3d at 1077; 
Welch
, 147 Ill. 2d at 51.

Section 4A-104 of the Ethics Act outlines procedures related to the filing of statements of economic interests and provides for a verification clause in which the candidate is required to declare he or she has examined the statement and believes it to be true, correct and complete. 5 ILCS 420/4A-104 (West 1994). The verification clause further states the candidate understands that the penalty for willfully filing a false or incomplete statement shall be a fine or imprisonment.

Section 4A-107 of the Ethics Act outlines the sanction for willfully filing a false or incomplete statement of economic interests, which is a Class A misdemeanor.  5 ILCS 420/4A-107 (West 1996).  These sanctions are criminal in nature and within the province of the office of the Cook County State's Attorney.  
Troutman v. Keys
, 156 Ill. App. 3d 247, 509 N.E.2d 453 (1987).  The candidate may also be subject to prosecution for perjury under the Election Code.  10 ILCS 5/29-10 (West 1994).   

Finally, section 4A-107 of the Ethics Act further provides that failure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office or position of employment.   

A reading of the plain language of these statutes indicates that removal from the ballot is not a permissible sanction for the filing of a statement of economic interest that is not true, correct and complete when filed with the appropriate officer due to inadvertence or mistake on the part of the person filing the statement.  
Crudup v. Sims
, 292 Ill. App. 3d at 1077; 
Welch
, 147 Ill. 2d at 51.   

As noted by the supreme court in 
Welch
, it is a fundamental principle of statutory construction that the express mention of one thing in a statute excludes all other things not mentioned.  
Welch
, 147 Ill. 2d at 52.  In providing for criminal penalties for the willful filing of a false or incomplete statement and forfeiture of office for completely neglecting to file a statement, yet not imposing any sanction for the filing of an inadvertently incomplete or inaccurate statement, the Ethics Act strongly intimates that the General Assembly intended no sanction for such a filing.  
Welch
, 147 Ill. 2d at 51-52.  The existence of an implied sanction of removal from the ballot has been expressly rejected by the courts in 
Welch
 and 
Crudup
, and it is inconsistent with the plain language of the statutes and the basic principles of statutory construction. 

Further, there is nothing in the Ethics Act, the Election Code or the Illinois Constitution which provides for a noncriminal sanction for the willful filing of a false statement of economic interest.  
Crudup
, 292 Ill. App. 3d at 1077; 
Troutman
, 156 Ill. App. 3d at 252.  We find it illogical that the willful filing of a false statement would not merit removal from the ballot, but making an inadvertent omission regarding the wording of the office sought would result in such a penalty.  

The state has a compelling interest in preserving the integrity of the electoral process and in regulating the number of candidates on the ballot.  
Havens v. Miller
, 102 Ill. App. 3d 558, 429 N.E.2d 1292 (1981).  However, provisions imposing disqualification of candidates must be construed strictly in favor of eligibility. 
Bryant
, 195 Ill. App. 3d at 558.  We will not impose a sanction of disqualification for an inadvertent mistake such as the one in the present case without a clear indication from the General Assembly that this is the appropriate penalty.

For the foregoing reasons, the order of the trial court affirming the Board's decision is reversed.

Reversed.

GORDON and QUINN, JJ., concur.