FRANCOIS BELANGER *et al.*

*v.*

JOHN W. HERSEY *et al.*

1. MECHANIC'S LIEN—*strict compliance with statute necessary.* The statute which gives a mechanic a lien is in derogation of the common law, and must be strictly construed, and no person can have a lien under it without showing a clear compliance with its provisions.

2. SAME—*time of performance and payment.* A petition for a mechanic's lien which does not show that the labor, whether the contract be written or verbal, if an express contract, was to be performed within three years from its date, or that payment was to be made within one year from the time of the completion of the contract, is substantially bad, and shows no right to the lien sought

3. ALLEGATIONS AND PROOF — *party confined to his own theory of his case.* Where a petition for the enforcement of a mechanic's lien sets up and relies upon an express contract, the petitioner can not afterwards rely upon a state of facts not set up and relied upon in the petition, as, that the contract was partly express and partly implied.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. SNOWHOOK, JOHNSON & GRAY, for the appellants.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a petition to enforce a mechanic's lien. A demurrer having been sustained to the original petition, by leave of the court an amended petition was filed, to which, also, a demurrer was interposed and sustained, and petitioners electing to abide by the petition, judgment was rendered against them for costs.

Sec. 1, chap. 82, Rev. Stat. 1874, provides : " That any person who shall, by contract, express or implied, or partly expressed and partly implied, with the owner of any lot or piece of land, furnish labor or materials, or services as an architect or superintendent in building, altering, repairing or ornamenting any house or other building or appurtenance thereto on such lot, or upon any street or alley and connected with such building or appurtenance, shall have a lien upon the whole of such tract of land or lot, and upon such house or building and appurtenance, for the amount due to him for such labor, material or services." 

The 3d section provides, when the contract is expressed, no lien shall be created under this act, if the time stipulated for the completion of the work or furnishing materials is beyond three years from the commencement thereof, or the time of payment beyond one year from the time stipulated for the completion thereof. If the work is done or materials are furnished under an implied contract, no lien shall be had by

virtue of this act unless the work shall be done or materials be furnished within one year from the commencement of the work or delivery of the materials. It appears, from the allegations of the petition, that the work of petitioners was done under an express contract made between the parties before the work was commenced. In the original petition the contract is alleged to be in writing and is set out *in hæc verba*, but in the amended petition it is averred that the written contract was set aside before the work was begun, and a verbal contract made, which was in substance like the written contract. It is, however, immaterial whether reliance is placed on the written or on the verbal contract, as they are both express contracts, and must be controlled by the first clause of the third section of the act cited *supra*.

The first question, therefore, to be determined is whether petitioners have made out, by the petition, such a case as entitles them to a lien, under the statute. The amended petition does not allege that the labor, under the contract, was to be performed within three years, nor does it aver that the payment for the labor was to be made within one year from the time of the completion of the contract. These requirements can not be ignored—indeed no lien is given by the section of the statute which controls this case, unless its provisions in this regard are observed.

The statute which gives a mechanic a lien is in derogation of the common law, and must receive a strict construction, and no person can obtain a lien under it unless a clear compliance is shown with the requirements of the statute.

In *Cook* v. *Heald et al.* 21 Ill. 425, where the construction of this same statute arose, it was said: "The second section limits the time of the performance of the contract to three years, and the payment for the labor and materials to one year from the time of its completion. This provision obviously requires that the time for its performance and the payment of the money shall be determined at the time when the contract is entered into, and not by alterations and changes which may be

made in the agreement after it is entered into; and if there be no time fixed and agreed upon in the contract, for the performance of the labor or furnishing the materials, within the three years from its execution, and for the payment within one year from the completion of the labor or furnishing the materials, a lien would not attach." This decision was followed by a number of others, where the same doctrine was announced. The construction, therefore, to be placed upon the statute may be regarded as settled.

It is true, the legislature, on the 18th day of February, 1861, amended the act of 1845, under which amendment it was not necessary to allege or prove that the time for completing the contract was not extended beyond three years or the time of payment beyond one year from the time the work was completed. After the passage of this amendment a different construction was placed upon the statute in regard to liens. See *Roach* v. *Chapin*, 27 Ill. 194; *Coburn* v. *Tyler*, 41 id. 354; *Baxter* v. *Hutchings*, 49 id. 116; *Chicago Artesian Well Co.* v. *Corey*, 60 id. 76.

The amendment of 1861, however, can have no effect now upon the question involved, as that amendment was repealed by the revision of 1874. See Rev. Stat. 1874, p. 1029, sec. 444. So far, then, as express contracts are concerned, the construction placed upon the first clause of section 3 by this court, prior to the passage of the amendment of 1861, must now prevail, and when the amended petition is construed in view of the statute and decisions of this court, it was not sufficient, and the court could do no less than sustain the demurrer.

It has been urged by appellants, that the contract may be regarded as partly expressed and partly implied, and upon this theory the petition may be sustained. The difficulty, however, with this petition is that no such case was made in the petition. The petitioner does not set up and rely upon a contract partly express and partly implied, but solely upon an

express contract. Under such circumstances, he can not now rely upon a state of facts not set up and relied upon in the petition.

The judgment will be affirmed.

*Judgment affirmed.*