Harwood v. Brownell.

---

## THOMAS F. HARWOOD ET AL.
### v.
## WILLIAM J. BROWNELL ET AL.

*Mechanic's Lien—Petition to Enforce—Implied Contract—Materials Not Furnished within One Year—Judgment Creditors—Landlord—Priority of Liens—Sec. 3, Chap. 82, R. S.*

Upon a petition to enforce a mechanic's lien, it being stipulated that no liens that any of the parties holding claims against the common debtor might have, should be lost or postponed by reason of delay during the pendency of the suit, and that the rights of the respective parties should be determined in the cause, this court holds that the stipulation was a sufficient basis on which to afford relief, and found a decree determining and enforcing the rights of the parties without the necessity of cross-bills, and

that the decree of the court below denying the petition, was supported by the evidence, the materials in question not having been furnished within one year, as required by Sec. 3, Chap. 82, R. S.

[Opinion filed February 14, 1890.]

Appeal from the Circuit Court of McLean County; the Hon. A. Sample, Judge, presiding.

. Messrs. Kerrick, Lucas & Spencer, for appellants Harwood & Son.

Mr. Miles K. Young, for appellant E. B. Steere.

Messrs. A. E. DeMange, Neville & Lindley and John E. Pollock, for appellees.

Conger, J.   T. F. Harwood & Son filed a petition to enforce a lien for lumber and other materials furnished the Bloomington Base Ball Association, which were used in improving the grounds of the association, making fences and an amphitheater.   To this petition the association made no defense and was defaulted.   Brownell, Tillotson and Wochner answered, claiming the same property by virtue of a chattel mortgage given them on the property by the association, while Mason and Morse answered, setting up a claim to a lien upon the same property by virtue of a judgment and execution against the association.   E. B. Steere answered, denying the claim of petitioners and setting up that he was the owner of the land upon which the improvements had been made, and had leased the same to the association, and also claimed that for non-payment of rent it had forfeited the lease, and was entitled to hold said improvements.   It was stipulated that no liens any of the parties might have should be lost or postponed by reason of delay during the pendency of the suit, and that the rights of the respective parties should be determined in the cause.

Upon final hearing the court held that Harwood & Son were not entitled to a lien; that Steere's claim was not sustained

by the evidence; that the chattel mortgage was the prior lien; that the execution in favor of Mason and Morse was the second lien; and the execution in favor of Steere and McLean was the third lien; and made the proper decree to enforce the rights given the respective parties. From that decree Harwood & Son and E. B. Steere both appealed.

T. F. Harwood & Son were not entitled to their lien because more than one year elapsed from the commencement of the delivery of the materials, until they were all delivered. There was no express contract, but the materials were to be furnished from time to time as ordered, and charged for at reasonable prices; hence the contract was an implied one.

Sec. 3, Chap. 82 Rev. Stat., says: "If the work is done or materials are furnished under an implied contract, no lien shall be had by virtue of this act, unless the work shall be done or the materials be furnished within one year from the commencement of the work or the delivery of the materials."

The date of the first delivery of materials was May 22, 1887, while that of the last was May 31, 1888, being more than one year; hence they were not entitled to a lien and the court properly so held. After a careful examination of the record we are satisfied that the decree was warranted by the proofs and should be affirmed.

The stipulation was, we think, a sufficient basis on which to afford the relief and found the decree, without the necessity of cross-bills.

*Judgment affirmed.*