Dwight C. Robb, Plaintiff-Appellee, *v.* Bror L. Lindquist *et al.*, Defendant-Appellant.

(No. 74 68;

Third District—October 24, 1974.

Franklin S. Wallace, of Rock Island, for appellant.

Christ T. Panousis, of Rock Island, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a decree of foreclosure of $5,000 mechanic's liens filed by plaintiff Dwight C. Robb against a tract of land which consisted of two parcels which were being acquired by defendant Bror Lindquist as a contract purchaser. The title owner was also made a party to the action to foreclose the mechanic's liens filed by Robb.

The record in this cause discloses that the plaintiff filed two mechanic's liens in the recorder's office of Rock Island County as against two separate parcels of property of defendant Bror Lindquist upon which work was performed by plaintiff Robb. The complaint which was filed by Robb contained two counts specifically describing the two separate parcels of land and the work performed on those parcels. It appears from the record that Robb orally contracted to improve a parcel of land owned by Lindquist (who was married to Robb's mother). On this tract Robb was to perform a variety of functions. Thereafter in the spring of 1969, Lindquist purchased what apparently was an adjoining parcel, and on that parcel Robb agreed to clear the land with extensive bulldozing and to disc the ground and to replant the land for defendant. The work was performed using Robb's equipment.

It appears that the understanding between Robb and Lindquist was that the improvements were to be paid for by Lindquist as a credit toward the purchase of the property by Robb. Defendant Lindquist did not compensate plaintiff in any manner for the work performed on the two parcels of land but, in 1970, plaintiff found out that defendant was selling the parcels of real estate. He accordingly filed his liens and thereafter instituted the foreclosure action in this cause.

One count in the complaint described the original tract of real estate owned by Lindquist and recited that in the year 1966, particularly in November of 1966, plaintiff and defendant entered into the agreement referred to for improvement of real estate therein described. It recited that plaintiff performed and completed the work in 1969 and that the value of his services was $1,000. The other count of the complaint recites that defendant entered into a contract of the type referred to and did substantial work in improvement of the other parcel of real estate and alleged that there was due for such services the sum of $4,000.

Plaintiff contended, and supported such contention by evidence heard

in the cause, that work on the original parcel owned by defendant commenced in November 1966 and terminated not later than October 1969. The work on the second parcel acquired by Lindquist later commenced in May of 1969 and terminated in 1970. Plaintiff asserts that there were two distinct tracts and there were two distinct understandings as to improvement of each of the tracts with the same ultimate reward referred to (credit on the purchase of the land by Robb). Plaintiff asserts that each of these tract improvements was commenced and completed within a 3-year period. Defendant contends that the work was one continuous act which took more than 3 years and was therefore not lienable. The trial judge, sitting without a jury, found for plaintiff and placed a single lien for $5,000 on both tracts as a whole. The decree contained a provision granting a 3-day period during which defendant could satisfy the decree. The court ordered that, if the decree was not satisfied within such period, a foreclosure sale of the land was ordered subject to the mechanic's lien and a decree for the deficiency, if any, as against Lindquist, in the event the proceeds of the sale were insufficient to cover the amount due appellee.

. Defendant on appeal in this court claims principally that the decree violates section 6 of the Mechanics' Liens Act (Ill. Rev. Stat. 1969, ch. 82, § 6), which requires "that the work is done or material furnished within three years from the commencement of said work or the commencement of furnishing said material" in order to qualify for the mechanic's lien. The language of the statute, which mandates the 3-year completion period, and the cases, indicates that the 3-year period commences with the beginning of work for which the mechanic's lien is asserted and not with the date upon which the contract for such work was entered into. (*Harwood v. Brownell*, 32 Ill.App. 347, 349 (1890).) The *Harwood* case construed a similar statute now repealed. In discussing and referring to this cause on appeal, each of the parties refers to the separate nature of the parcels. The nature of the services performed on each of the parcels was different in character. Each of the parcels required different skills and equipment. Plaintiff also kept separate time records for each parcel. On the basis of the eidence thus presented, the trial court found that in each case the work was begun and completed within the 3-year period set forth in section 6 of the Mechanics' Liens Act referred to.

From the evidence which was presented, the trier of fact could properly determine that the work done on each parcel was distinct from that done on the other and that the 3-year limitation period would be computed separately as to each parcel. The court could also have concluded, on the basis of such evidence, that the work as to each of the

tracts was complete within such 3-year period. The court then concluded that since the work was completed on each lot within the 3-year period, within the scope of section 6 of the Mechanics' Liens Act, the decree of foreclosure was appropriate.

■■ As we have frequently stated, a court of review may not disturb the trial court's judgment unless it is clearly and palpably against the manifest weight of the evidence. (*People ex rel. Jones v. Schmitt*, 101 Ill.App.2d 183, 242 N.E.2d 275.) On the basis of the record before us we could not say that the conclusion of the trial court in this cause is clearly or palpably against the manifest weight of the evidence.

■■ Defendant also contends that the services performed on one of the tracts were not subject to a mechanic's lien. It is the contention of defendant that the work consisted of farming and that farming was not included in the statute among the type of activities entitled to a lien. While it is asserted by the plaintiff that this issue was not raised in the trial court, and, therefore, could not be raised on appeal, we believe it is sufficient to observe in connection with this issue that it is indeed a factual one as to which plaintiff asserts that the work challenged is not farm work but rather improvements to the land to which the lien relates. (See *Beaudry v. Bell*, 250 Ill.App. 468; *Liddell v. Smith*, 65 Ill.App.2d 295, 213 N.E.2d 599 (1965).) On the basis of the record, which contains evidence in support of plaintiff's position, the finding of the trial court that such work is lienable would not be set aside on review.

■■ Defendant also asserts that even if the mechanic's lien is proper, plaintiff is entitled to a personal judgment only as to the deficiency after the sale and is not entitled to a personal judgment for the entire amount of $5,000. Here the court found that plaintiff has established his right to a mechanic's lien and that a personal judgment could be entered in conjunction therewith with a proviso that, to the extent that it is not satisfied by the defendant or by the result of the foreclosure sale through a deficiency, the judgment could then be enforced personally as to the deficiency as against defendant. Such conclusion is in accordance with sections 14 and 19 of the Mechanics' Liens Act (Ill. Rev. Stat. 1969, ch. 82, §§ 14, 19).

■■ It is also asserted by defendant that the imposition of a single mechanic's lien on the two tracts, being treated as a whole, is improper for the reason that it does not ratably allocate the value of the services to the tract upon which the particular work was done. Defendant requests that this court remand this case to the trial court for the purpose of placing separate liens as to each tract so that the value of the services performed on each tract will be properly shown. Plaintiff has no objection

to this procedure and therefore, in order to protect the parties and any third parties who might have an interest in either of the tracts, this cause is remanded to the trial court with instructions to specify in the decree separate liens on each of the tracts so as to reflect the ratable amount of the $5,000 value of work done on each respective parcel.

For the reasons stated, we accordingly affirm the decree of the Circuit Court of Rock Island County in part but remand the cause in part for further action not inconsistent with the views expressed in this opinion.

Affirmed in part and reversed and remanded in part.

STOUDER and DIXON, JJ., concur.