THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL HUNTER *et al.*, Defendants-Appellees.

Second District   No. 2—97—0697

Opinion filed July 23, 1998.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, Cynthia N. Schneider, and Joan M. Kripke, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

David S. Weinstein and Dwayne Douglas, both of Weinstein & Douglas, P.C., of Waukegan, for appellee Michael Hunter.

E. Steven Yonover, of Law Offices of E. Steven Yonover, of Chicago, for appellee James McGraw.

JUSTICE INGLIS delivered the opinion of the court:

The State appeals the order of the circuit court of Lake County dismissing with prejudice an indictment for involuntary manslaughter (720 ILCS 5/9—3(a) (West 1996)) against defendants, Michael Hunter and James McGraw. We affirm.

Defendants were members of the Day By Day Club, a self-help group for alcoholics. The group met in the second story of a building located on Central Avenue, which runs through the heart of the business district in Highland Park.

On April 22, 1995, an officer of the Day By Day Club asked defendants to remove a couch from their facility. Defendants decided to remove the couch through a window overlooking Central Avenue. In a written statement to police, Hunter stated that defendants tied a rope around the couch and lowered it out the window. As defendants lowered the couch, the rope slipped and the couch fell, striking the victim, Benjamin Verde, in the head.

Verde was taken to a hospital, examined, and released that day. On May 1, 1995, Verde returned to the hospital and discovered he had sustained three broken ribs and a cracked vertebra. Verde underwent spinal surgery on May 15, 1995. Verde was readmitted to the hospital on June 27, 1995, and died on July 6, 1995, from renal failure, allegedly caused by his spinal injury.

The State indicted defendants on August 23, 1995 (1995 indictment). Detective William Telone of the Highland Park police department testified before the grand jury on August 23, 1995. One of the grand jurors asked Telone whether either defendant had given a statement to the effect that the couch slipped, defendants slipped, the couch was already falling, or defendants could not stop the couch. Telone responded, "[N]o, [o]ne statement by one defendant Mr. Hunter stated that exactly they were removing the couch through the window, they were throwing it out the window." Hunter had, however, provided a written statement to police in which he stated that the rope he and McGraw were using to lower the couch slipped, causing the couch to fall and strike Verde.

Defendants moved to dismiss the 1995 indictment, alleging that it was obtained through the use of perjured testimony and that it violated their due process rights. The trial court dismissed the 1995 indictment on December 27, 1995. The State correctly notes that the trial court's order of dismissal did not state that the case was dismissed with prejudice.

The State did not appeal the dismissal of the indictment; rather, it reindicted defendants on January 29, 1997, for involuntary manslaughter (1997 indictment). This time, the lead detective investigating the incident, Bruce Dayno, testified before the grand jury. On March 4, 1997, defendants filed motions to dismiss the 1997 indictment. Defendants argued that they were deprived of their rights to a speedy trial, the 1997 indictment violated double jeopardy principles, the State was required to appeal the dismissal of the 1995 indictment, and the prosecutor failed to disclose the charges against defendants to the grand jury. The trial court dismissed the indictments with prejudice on April 11, 1997, finding that the State should have appealed the earlier dismissal and that the delay between the dismissal of the 1995 indictment and the return of the 1997 indictment prejudiced defendants. The State timely appeals.

■ The issue with which we are confronted is one of first impression: whether the due process violation of obtaining an indictment through the use of perjured testimony can be cured by returning a new indictment against the defendant. Section 114—1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114—1 (West 1996)) governs the circumstances under which a defendant may attempt to dismiss criminal charges before trial. It provides, in relevant part:

"(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment *** upon any of the following grounds:

(1) The defendant has not been placed on trial in compliance with Section 103—5 of this Code;

(2) The prosecution of the offense is barred by Sections 3—3 through 3—8 of the 'Criminal Code of 1961' ***;

(3) The defendant has received immunity from prosecution for the offenses charged;

(4) The indictment was returned by a Grand Jury which was improperly selected and which results in substantial injustice to the defendant;

(5) The indictment was returned by a Grand Jury which acted contrary to Article 112 of this Code and which results in substantial injustice to the defendant;

(6) The court in which the charge has been filed does not have jurisdiction;

(7) The county is an improper place of trial;

(8) The charge does not state an offense;

(9) The indictment is based solely upon the testimony of an incompetent witness;

(10) The defendant is misnamed in the charge and the misnomer results in substantial injustice to the defendant.

(11) The requirements of Section 109—3.1 have not been complied with.

\* \* \*

(e) Dismissal of the charge upon the grounds set forth in subsection (a)(4) through (a)(11) of this Section shall not prevent the return of a new indictment \*\*\*." 725 ILCS 5/114—1 (West 1996).

A trial court may dismiss criminal charges before trial only for the reasons set forth in section 114—1(a) of the Code or where there has been a clear denial of due process that prejudices the defendant. *People v. Sparks*, 221 Ill. App. 3d 546, 547-48 (1991); see also *People v. Newberry*, 166 Ill. 2d 310, 313-14 (1995). While section 114—1(a) of the Code does not contain a specific provision addressing the court's ability to dismiss a criminal charge for a due process violation, this ability is nevertheless recognized as part of the trial court's inherent authority to guarantee the defendant a fair trial. *People v. Lawson*, 67 Ill. 2d 449, 456 (1977).

Because the trial court's order does not specifically enumerate its reasoning, we must first determine the grounds upon which the trial court dismissed the 1995 indictment. Defendants' motions to dismiss the 1995 indictment alleged that Telone's testimony before the grand jury was materially false, perjured, and misleading. Defendants asked that the charges be dismissed because of the due process violation resulting from Telone's false testimony. The trial court granted defendants' motions. Defendants' motions did not reference section 114—1(a) of the Code, nor did they raise any statutory grounds. Thus, the only rationale available to the trial court to dismiss the indictment was a due process violation stemming from Telone's testimony before the grand jury. While the trial court did not explicitly state in its December 27, 1995, order that the dismissal of the 1995 indictment was premised on a due process violation, we note that, upon reviewing its earlier ruling in conjunction with the motions to dismiss the 1997 indictment, the trial court acknowledged that Telone committed perjury before the grand jury and that the earlier dismissal was for a violation of due process. Moreover, the trial court's conclusion is manifestly supported in the record. Thus, it is clear that the trial court dismissed the 1995 indictment for a due process violation and did not base its dismissal on any of the statutory grounds enumerated in section 114—1(a) of the Code.

■ Section 114—1(e) of the Code enumerates the instances in which the State will be permitted to again indict a defendant following the dismissal of criminal charges. 725 ILCS 5/114—1(e) (West 1996). Section 114—1(e) permits the State to return a new indictment after dismissal on some, but not all, of the grounds enumerated in section

114—1(a). Thus, the legislature expressly limited the circumstances under which the State may seek to again indict a defendant following the dismissal of criminal charges.

When construing a statute, the expression of one thing in a provision generally excludes all others, even where there are no negative words of prohibition. *People v. Rose*, 268 Ill. App. 3d 174, 178 (1994). By providing that the State may reindict a defendant in fewer instances than a defendant may seek to dismiss, the legislature clearly intended to limit the State's opportunity to reindict to those situations where the defendant's motion to dismiss was in the nature of a delaying tactic, the grounds of which could be corrected and a new indictment returned. 725 ILCS Ann. 5/114—1(e), Committee Comments—1963, at 530 (Smith-Hurd 1992). Thus, under the statute, the State may bring a new indictment where the previous indictment had a technical fault or where the defendant simply seeks to delay his trial. The instances in which the State is prohibited from bringing a new indictment involve a defendant's constitutional right to be free from multiple prosecutions for the same crime, a constitutional and statutory right to a speedy trial, or a contractual right to immunity. See 725 ILCS 5/114—1(a)(1) through (a)(3) (West 1996).

■ While this case does not fall under the statute, the legislative intent embodied by the statute guides our determination. Here, the State secured the 1995 indictment through the use of perjured testimony. We cannot characterize defendants' objections as a delaying tactic. Nor can we say that the perjury was a mere technical fault that could be easily remedied by redrafting the indictment. Moreover, in light of the grand juror's question, there is a distinct possibility that no indictment would have been returned had the State's witness responded truthfully. Therefore, consonant with the public policy embodied in section 114—1 of the Code (725 ILCS 5/114—1 (West 1996)), we hold that the State may not seek a new indictment after criminal charges have been dismissed for the due process violation of perjury.

In addition to the public policy of protecting the public against the overreaching and oppression of the State, our determination provides the State with a strong deterrent against future uses of perjured testimony. Honesty and integrity are essential to the performance of the functions of the police and prosecutor in our criminal justice system and the maintenance of our freedoms. "[A]s the guardians of our laws, police officers are expected to act with integrity, honesty, and trustworthiness." *Sindermann v. Civil Service Comm'n*, 275 Ill. App. 3d 917, 928 (1995). This admonition applies with equal force to the prosecution. If the police and prosecution know that perjured

testimony will lead to the dismissal with prejudice of their cases, they will be careful to use only truthful testimony. Additionally, we recognize the ramifications of our holding and emphasize that this case involves wilful perjury discovered and brought before the court by defendants. We cannot say that, had the false testimony been made by accident, mistake, or inadvertency, or had the State discovered the perjured testimony and brought it to the attention of the court in order to correct the violation of defendants' rights, our result would be the same. We merely hold that, where defendants discovered the perjured testimony and the court dismissed the indictment due to the due process violation arising from the State's use of perjured testimony, the State may not seek a new indictment.

In summary, the 1995 indictment was dismissed for a due process violation arising from the use of perjured testimony before the grand jury. Thus, the State was foreclosed from seeking a new indictment against defendants. Accordingly, the trial court properly dismissed the 1997 indictment.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

GEIGER, P.J., and McLAREN, J., concur.