In re ACME METALS INCORPORATED, et al., Debtor.

**Acme Steel Company, Plaintiff,**

v.

**Raytheon Engineers & Constructors, Inc., Defendant.**

Bankruptcy Nos. 98–2179 (MFW) through 98–2184(MFW). Adversary No. A–00–351.

United States Bankruptcy Court, D. Delaware.

Aug. 28, 2000.

---

Joseph Bisceglia, Terri L. Mascherin, Jenner & Block, Chicago, IL, Robert S. Brady, Brendan Linehan Shannon, Young Conaway Stargatt & Taylor, LLP, Wilmington, DE, for Acme Steel Company.

Sabin Willett, Julia Frost–Davies, Bingham Dana LLP, Boston, MA, William P. Bowden, Christopher S. Sontchi, Ashby & Geddes, Wilmington, DE, for Raytheon Engineers & Constructors, Inc.

David M. LeMay, Hughes Hubbard & Reed, LLP, New York City, Zeke Allinson, Potter Anderson & Corroon LLP, Wilmington, DE, for Official Committee of Unsecured Creditors of Acme Steel Company.

Daniel K. Astin, Maria Giannarakis, Office of U.S. Trustee, Philadelphia, PA.

## OPINION[1]

MARY F. WALRATH, Bankruptcy Judge.

### I. INTRODUCTION

This case is before the Court on the Motion of Acme Steel Company ("the Debtor") for Partial Summary Judgment in an Adversary Complaint filed by it against Raytheon Engineers & Constructors, Inc. ("Raytheon"). After a hearing and briefing by the parties, we grant the Debtor's Motion.

### II. JURISDICTION

This Court has jurisdiction over this Motion, which is a core proceeding pursuant to 28 U.S.C. § 1334 and § 157(b)(1), (b)(2)(A), (B), (K) and (O).

### III. PROCEDURAL AND FACTUAL BACKGROUND

In July 1994, the Debtor and Raytheon entered into an engineering, procurement and construction contract for a Compact Strip Production Plant and related facility ("the Contract") at the Debtor's Riverdale, Illinois, plant site. The Contract provided that Raytheon would act as general contractor to design, engineer, procure, construct, install, erect, start up, and conduct performance tests of a facility for the thin-slab casting, rolling and finishing of steel products, together with related support and ancillary facilities ("the Plant") for the Debtor at its Riverdale site for the contract price of $364,229,300. (Contract, § 1.) The Contract provided for a guaranteed completion date no later than thirty-four (34) months after the date on which Raytheon received the initial payment under the Contract. The initial payment was made by wire transfer on August 16, 1994. Therefore, the Contract's guaranteed completion date was June 16, 1997.

On September 28, 1998, Acme Metals, Inc., and its affiliates (including the Debtor) filed for relief under chapter 11 of the Bankruptcy Code. Thereafter, on November 16, 1998, Raytheon filed its Contractor's Claim for Lien for amounts it contends are due under the Contract (in the amount of $12,006,799) in the Recorder of Deeds of Cook County, Illinois ("the Original Mechanic's Lien"). (Raytheon Appendix, Exhibit A.) The Original Mechanic's Lien asserted a lien against property of the Debtor identified as 13414 Wentworth Avenue, Riverdale, Illinois, with a property index number of 25-33-307-019-0000, and a property description of "Lot 8 in Acme Forest View Subdivision of the North 20 Acres of the East ½ of the Southwest ¼ of Section 33, Township 37 North, Range 14 East of the Third Principal Meridian, South of the Indian Boundary Line, in Cook County, Illinois." (Id. at p. 3.) The Original Mechanic's Lien asserted that work on the Contract had been completed.

On July 19, 1999, Raytheon filed a "Clarification to Original Contractor's First Claim for Lien" with the Recorder of Deeds of Cook County, Illinois ("the Second Mechanic's Lien"). (Raytheon Appendix, Exhibit B.) The Second Mechanic's Lien was in the same amount that Raytheon claimed was due from the Debtor on the Contract but asserted that work had not been completed as of March 26, 1999, and thereafter. The Second Mechanic's Lien asserted a lien against two different properties owned by the Debtor, with the same street addresses as the Original Mechanic's Lien but property index numbers of 25-33-306-026 and 25-33-310-012 and property descriptions as follows:

*Parcel A*

That portion of the North 20 Acres of the East ½ of the Southwest ¼ of Section 33, Township 37 North, Range 14, East of the Third Principal Meridian, South of the Indian Boundary Line in Cook County, Illinois Formerly Known as

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

Lots 1 through 44 Plus Vacated Alleys and Streets Adjacent, Also Formerly Known as Lots 104 through 121 in Vacation of Lots 1 through 44 and 104 through 121 in Acme Forest View Subdivision (Vacated by Document No. 97815719 Recorded October 31, 1997). Also, that Part of the North 20 Acres of the East ½ of the Southwest ¼ of Section 33, Township 37 North, Range 14 East of the Third Principal Meridian lying West of the West Line of School Street now Vacated and lying West of the West Line of Former Lot 104 in Acme Forest View Subdivision (Vacated by Document No. 97815719 Recorded October 31, 1997) of the North 20 Acres of the East Half of the Southwest ¼ of Section 33, Township 37 North, Range 14 East of the Third Principal Meridian, South of the Indian Boundary Line in Cook County, Illinois.

*Parcel B*

The North ½ of the Northwest ¼ of the Southwest ¼ of Section 33, Township 37 North, Range 14 East of the Third Principal Meridian (Excepting the West 208.00 Feet Therefrom) South of the Indian Boundary Line in Cook County, Illinois.

(*Id.* at pp. 1 & 2.)

Raytheon filed two secured proofs of claim in this proceeding on March 16 and 31, 1999, each in the amount of $8,820,252. (Acme Memorandum, Exhibit 1.) In those claims Raytheon asserts its claims are secured by the Original Mechanic's Lien. On August 19, 1999, Raytheon filed an Amended Proof of Claim asserting its claims are secured by both the Original Mechanic's Lien and the Second Mechanic's Lien. (Acme Memorandum, Exhibit 9.)

On February 7, 2000, the Debtor filed the instant Adversary Complaint challenging the secured status of the Raytheon claims. On March 20, 2000, the Debtor filed its Motion for Partial Summary Judgment on Counts I, II, and part of III. At the initial pretrial conference in the Adversary, we directed that discovery be limited to the issues raised by the Summary Judgment Motion and set a briefing and argument schedule. Briefs were filed and oral argument was held on June 16, 2000.

IV. *STANDARD OF REVIEW*

Federal Rule of Bankruptcy Procedure 9014 incorporates Rule 56 of the Federal Rules of Civil Procedure in contested matters. Under Rule 56, the court may grant summary judgment if the moving party establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must assume that undisputed facts set forth in the record are true. *In re Trans World Airlines, Inc.,* 180 B.R. 386, 387 (Bankr.D.Del.1994); *Tanzer v. International Gen. Ind., Inc.,* 402 A.2d 382, 386 (Del.Ch.1979).

Once the moving party has supported its motion, the burden shifts to the non-moving party to demonstrate that material issues of fact exist so as to make the grant of summary judgment inappropriate. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *State v. Regency Group, Inc.,* 598 A.2d 1123, 1129 (Del.Super.Ct.1991). The non-moving party may not merely deny the factual allegations set forth by the movant. *Tanzer,* 402 A.2d at 385. Moreover, if the non-moving party bears the ultimate burden of proof on the claims it has asserted, the court may grant summary judgment if the moving party can demonstrate a complete failure of proof on an essential element of a claim. *Burkhart v. Davies,* 602 A.2d 56, 60 (Del.1991) (citing *Celotex,* 477 U.S. at 322–23 106 S.Ct. 2548).

V. *DISCUSSION*

Counts I, II, and III of the Debtor's Complaint are premised on the Debtor's

powers as a hypothetical judgment creditor or bona fide purchaser to avoid unperfected or post-petition security interests under sections 544 and 549 of the Bankruptcy Code. However, the Debtor's avoidance powers under those sections are expressly subject to section 546 of the Bankruptcy Code, which permits perfection of a lien filed post-petition if applicable law makes it retroactive.

The Debtor asserts that Raytheon's claim is unsecured because its mechanic's lien claims were improperly filed and, therefore, are not entitled to retroactive effect under applicable Illinois law. Therefore, those liens were not perfected as of the filing of the Debtor's bankruptcy petition and are avoidable under sections 544 and 549. The Debtor asserts three grounds for concluding the mechanic's liens were improperly filed. First, the Debtor asserts that the Second Mechanic's Lien is invalid because an amended lien is not permitted to be filed against a third party under Illinois law. Second, the Debtor asserts that the Original Mechanic's Lien is invalid because it contained the wrong property description. Third, the Debtor asserts that both the Original Mechanic's Lien and the Second Mechanic's Lien are invalid because both are filed beyond the three years specified in the Illinois statute. Raytheon disputes the Debtor's entitlement to summary judgment under each of the grounds asserted.

### A. *Amended Mechanic's Lien*

■ The Debtor asserts that the Second Mechanic's Lien is defective as to it because, while the Illinois statute permits an amendment of a mechanic's lien as to the owner of the property, it does not permit an amendment as to any third party. 770 ILCS 60/7. *See, e.g., Candice Co., Inc. v. Ricketts,* 281 Ill.App.3d 359, 217 Ill.Dec. 53, 666 N.E.2d 722, 725 (1996); *Federal Savings & Loan Ins. Corp. v. American Nat'l Bank,* 115 Ill.App.3d 426, 71 Ill.Dec. 132, 450 N.E.2d 820, 822 (1983).

In the *Federal Savings* case, a contractor filed a mechanic's lien claim against five lots in a subdivision for work done on a sewer system constructed on an adjacent lot. Subsequently, more than four months after work on the project had been completed, the contractor filed an amended mechanic's lien. The mortgagee on the five lots asserted that the lien was not enforceable because (1) it was filed against several lots without allocation, (2) it was an impermissible amendment, and (3) the amendment was filed beyond the four month statutory period. The Court agreed. With respect to the amendment issue, the Court held that "By explicitly providing for amendments to lien claims against owners, under the traditional rule of statutory construction the statute implicitly precludes amendments as to all other parties. Thus, [the contractor's] attempted amendment to its lien claim against and to the prejudice of plaintiff, an undisputed third party encumbrancer, is not permitted under the Act." 71 Ill.Dec. 132, 450 N.E.2d at 822. The Court also found the lien invalid because it was filed beyond the statutory period. *Id.*

Although the Debtor is the owner of the property, as a debtor in possession, it also stands in the shoes of third parties: a hypothetical judgment lien creditor and bona fide purchaser of the property as of the bankruptcy filing date. 11 U.S.C. § 544(a). Thus, the Debtor asserts that for purposes of determining the validity of Raytheon's amendment, it is a third party protected by the Illinois statute's implicit prohibition on amendments articulated by the *Federal Savings* Court. *See, e.g., In re Germansen Decorating, Inc.,* 149 B.R. 522, 527–29 (Bankr.N.D.Ill.1993) (mechanic's lien avoided by trustee as third party under section 544(a)); *Mid–America Petroleum, Inc. v. Adkins Supply, Inc. (In re Mid–America Petroleum, Inc.),* 83 B.R. 937, 943 (Bankr.N.D.Tex.1988) (mechanic's lien avoided by debtor in possession which has the rights of a bona fide purchaser); *In re Saberman,* 3 B.R. 316, 318–19 (Bankr.N.D.Ill.1980) (mechanic's lien

avoided by chapter 13 debtor which had same rights as third party under section 544).

Although conceding the Debtor's strong arm powers under section 544 of the Bankruptcy Code, Raytheon asserts that the Second Mechanic's Lien is nonetheless valid. First, it asserts that amendments are not barred by the Illinois statute. Despite the express holding of the *Federal Savings* Court, Raytheon urges that the case not be accepted for so broad a holding as the Debtor urges. Raytheon notes that the Court's ruling should be limited to the most narrow holding that is necessary: that amendments beyond the four month period are invalid.

■ Even if we were to accept Raytheon's argument, however, and conclude that the *Federal Savings* ruling should be limited to invalidating amendments beyond the four month period, we would have to conclude nonetheless that the Illinois statute does preclude amendments of mechanic's liens from being valid against third parties. It is a fundamental rule of statutory construction that where a statute expressly allows an action as to one party, it implicitly does not allow it as to all other parties. *See, e.g., Springer v. Government of the Philippine Islands,* 277 U.S. 189, 206, 48 S.Ct. 480, 72 L.Ed. 845 (1928) (a guiding principle of statutory construction is that "the expression of one thing is the exclusion of others"). *Accord, In re Smith,* 242 B.R. 427, 429 (Bankr.E.D.Tenn. 1999); *Bridgestone/Firestone, Inc. v. Aldridge,* 179 Ill.2d 141, 227 Ill.Dec. 753, 688 N.E.2d 90, 96 (1997); *People v. Hunter,* 298 Ill.App.3d 126, 232 Ill.Dec. 392, 698 N.E.2d 230, 232 (1998); *Requena v. Cook County Officers Electoral Board,* 295 Ill. App.3d 728, 230 Ill.Dec. 51, 692 N.E.2d 1217, 1220 (1998).

Thus, we conclude that the Illinois statute, by allowing amendment of mechanic's liens as to owners (770 ILCS 60/7), meant to disallow amendment as to all other parties. The Second Mechanic's Lien filed by Raytheon, therefore, could not amend its Original Mechanic's Lien. Raytheon cites to no Illinois case which holds otherwise.

■ Raytheon seeks to avoid this ruling by asserting that the Second Mechanic's Lien is not an amendment of the Original Mechanic's Lien, but is, instead, an independent mechanic's lien. It notes that the Second Mechanic's Lien was filed within four months of the completion of work on the project[2] and otherwise complies with all the requirements of the statute. Raytheon's argument is, of course, belied by the fact that the Second Mechanic's Lien is expressly delineated by Raytheon itself as a "Clarification" of the Original Mechanic's Lien and is in the same exact amount as the Original Mechanic's Lien ($12,006,779). (Raytheon Appendix at Exhibits A and B.) The only changes were the dates when the work was completed and the property against which the lien was asserted. Raytheon is not asserting two claims in the amount of $12 million each; it is clear that the second filing was intended to replace, or amend, the original filing.

Thus, we conclude that the Second Mechanic's Lien was an attempted amendment of the Original Mechanic's Lien. As such, it is an impermissible amendment and is not valid against the Debtor as a third party judgment creditor or bona fide purchaser under section 544.

### B. *Improper Property Description*

■ Under section 6⅞ of the Illinois Mechanic's Lien Act, to create a valid lien, the claim for lien must be filed against the property on which the "building, erection or other improvement to be charged with

---

**2.** Although the Debtor disputes that work was completed within the four months of filing of the Second Mechanic's Lien, pointing to the assertion in the Original Mechanic's Lien that work had been completed by November 16,

1998, we accept for purposes of this Opinion Raytheon's evidence that substantial work was done at the Debtor's request through at least March 26, 1999. (*See* Nash Affidavit, Exhibit 17.)

the lien is situated" and must include a "sufficiently correct description of the lot, lots or tracts of land to identify the same." 770 ILCS 60/7.

The Original Mechanic's Lien identified "Lot 8 in the Acme Forest View Subdivision," with an address of "13414 Wentworth Avenue, Riverdale, Illinois," as the property against which Raytheon was asserting a lien. The Plant which Raytheon built for the Debtor, however, was not built on that lot, but on contiguous lots. (Declaration of Capito dated March 17, 2000; Declaration of Nowicki dated March 17, 2000.)

In response, Raytheon asserts that the property description in a mechanic's lien need not be exact or legally precise. Raytheon cites to a seminal decision of the Illinois Supreme Court which held:

> Acts giving mechanic's liens are said, as a general thing, to contemplate that the claimants should prepare their own papers, and hence courts are reluctant to set aside such claims merely for loose description. A description is sufficient if there is enough in it to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty.

*Springer v. Kroeschell*, 161 Ill. 358, 43 N.E. 1084, 1088 (1896) (emphasis added) (property description "sufficient" to bind purchaser of property despite inaccurate description of parcels liened). *See Donkle & Webber Lumber Co. v. Rehrmann*, 310 Ill.App. 17, 33 N.E.2d 709, 712 (1841) (upholding lien claim against third party probate estate despite legal description which underdescribed claimed property because other information on the lien claim could be used to locate the property generally).

Raytheon asserts that its legal description was sufficient because, taking its claim as a whole, anyone reading it and visiting the property would conclude that Raytheon's claim in excess of $12 million was for the construction of the gigantic Plant built next to Lot 8, particularly since nothing was built on that lot.[3] Raytheon submitted the affidavit of Thomas J. Grena who photographed Lot 8 and the Debtor's Plant from various angles and locations.

We conclude that in this case, Raytheon's description of the property in the Original Mechanic's Lien is "sufficiently correct" to put anyone on notice of its claim. 770 ILCS 60/7. *See Springer*, 43 N.E. at 1088. The mere size of the Acme Plant (covering 41 acres and looming approximately five stories in height according to the photos) coupled with the size of Raytheon's claim (over $12 million) would lead any reasonable person to conclude that the lien was on the Plant rather than the almost empty Lot 8 which is literally in the Plant's shadow.

This conclusion is also consistent with section 60/1, which provides that a contractor "has a lien upon the whole of such [improved] lot or tract of land and upon adjoining or adjacent lots or tracts of land of such owner constituting the same premises and occupied or used in connection with such lot or tract of land as a place of residence or business." 770 ILCS 60/1. It is clear from the photos that Lot 8, being contiguous to the Debtor's Plant, is part of the Acme complex or business being operated there.

Further, it appears that the subdivision of which Lot 8 was a part was vacated on or about October 31, 1997. (Exhibit 8 at ¶ 1.) This has apparently created some confusion. In fact, a lien search of "Lot 8" conducted by Raytheon in November, 1998, revealed that that property was encumbered by mortgages in excess of $467 million—obviously mortgages on the Plant, not just Lot 8. (Nash Affidavit at ¶ 37 and Exhibit 24.) Of more significance is the fact that a lien search of the property on which the Debtor's Plant actually sits did

---

**3.** Lot 8 has an old garage and the charred remains of a house on it. (Nowicki Affidavit at ¶ 7.)

list the Original Mechanic's Lien filed by Raytheon. (Nash Affidavit at Exhibit 25, Schedule B, ¶ 18.)

■ Illinois law does not require an exact legal description, only one sufficiently correct to lead others to determine on what property the lien was filed. Here the description in the Original Mechanic's Lien was sufficient to alert the title company that it was a claim against the Debtor's Plant. Anyone standing on Lot 8 could not be mislead into believing the $12 million lien was on anything but the behemoth looming above. Therefore, we conclude that the description in the Original Mechanic's Lien filed by Raytheon was sufficiently correct to effect a lien on the Debtor's Plant, assuming the other requirements of the statute are met.

### C. Filing within Three Years

■ The Debtor's final argument is that neither of Raytheon's mechanic's liens are valid because the work on the Contract was not completed within three years of commencement. It relies on section 60/6 of the Illinois statute which provides:

> In no event shall it be necessary to fix or stipulate in any contract a time for completion or a time for payment in order to obtain a lien under this act, provided, that the work is done or material furnished within three years from the commencement of said work or the commencement of furnishing said material.

70 ILCS 60/6.

The Debtor asserts that this statute requires that work be completed within three years of commencement for a mechanic's lien to be valid. Apparently this has been a feature of Illinois mechanic's lien law for over a century. In fact, under the prior version of the statute, a mechanic's lien was invalid if the work was not completed within three years if the contract was written and within one year if the contract was oral. See, e.g., Belanger v. Hersey, 90 Ill. 70 (Ill.1878) (lien invalid that did not assert work completed within three years); Cook v. Heald, 21 Ill. 425 (Ill.1859) (lien invalid where plaintiff had not alleged completion of express contract within statutory three years); Harwood v. Brownell, 32 Ill.App. 347 (1889) (lien invalid where work under implied contract was not completed until one year and 9 days after commencement).

> The requirement of performance within a specified period is as old as the right to a mechanics lien in Illinois. Its continued viability under today's § 6, which eliminated the distinction between "express" and "implied" contracts but preserves the requirement that work be performed within three years, has been acknowledged by the appellate court.... Section 6 of the current Mechanics Lien Act denies lien rights when the time for completion of the work is beyond three years from the commencement thereof.

Illinois Institute for Continuing Legal Education, Mechanics Liens in Illinois § 2.28 (1994).

In a case decided after the passage of the new version of the Illinois statute, the Illinois Appellate Court recognized that the statute requires completion within three years of commencement. Robb v. Lindquist, 23 Ill.App.3d 186, 318 N.E.2d 301, 303 (1974). In Robb, the Court upheld the lien, finding that the work was completed within the three year period.

Raytheon disagrees with the interpretation of the Illinois statute suggested by the Debtor. Raytheon argues that the Debtor's interpretation would lead to the result that no large construction contract which takes longer than three years to complete could result in a mechanic's lien being valid. This, Raytheon asserts, is absurd and should not be the ruling absent clear and unequivocal language in the statute. Raytheon's interpretation of the statute is that the three year statutory limit applies only if the contract fails to specify a time for completion of performance. This interpretation, Raytheon asserts, is more con-

sistent with the actual words of the statute: "In no event shall it be necessary to fix or stipulate in any contract a time for the completion or a time for payment in order to obtain a lien under this act, provided, that the work is done or material furnished within three years from the commencement of said work or the commencement of furnishing said material." 70 ILCS 60/6. Raytheon asserts that the proviso of the sentence applies only where the contract does not specify a time for completion. Where the contract does specify a time for completion, then the proviso does not apply.

Raytheon asserts that if the Illinois legislature had intended the statute to read the way that the Debtor asserts, it would have simply read: "No lien shall be enforceable under this Act if the completion of the work is beyond three years from the commencement thereof." Raytheon points to the lack of any case on point interpreting the statute as the Debtor suggests. The *Robb* case cited by the Debtor concerned two oral contracts. 318 N.E.2d at 302–03. Raytheon asserts that the Debtor's argument is unique and not supported by any Illinois case law. *See, e.g., In re Coan,* 95 B.R. 87, 89 (Bankr.N.D.Ill.1988) (abstaining from deciding this issue, finding that state courts are more competent to decide such a novel issue).

The other cases cited by the Debtor, all decided over 100 years ago, dealt with the prior statute which Raytheon asserts was significantly different from the current version. Under the prior statute, there was a requirement that work be completed within three years of commencement for express contracts and within one year for implied contracts. Raytheon argues that, rather than continue that scheme, the Illinois law now requires that implied contracts, or written contracts that do not specify a time for completion, must be completed within three years, but where an express contract states a longer period

for completion, a mechanics lien will still be valid if filed within four months of the completion date in the contract.

Even if Raytheon were correct, however, the facts of this case do not support its argument that its liens are valid. The Contract at issue did specify a completion date, June 16, 1997. (That date was less than three years from the commencement date.) The Contract was not in fact completed by that date; nor were either of the Mechanic's Liens filed by Raytheon within four months of that completion date.[4] Therefore, under either interpretation of the statute (that the four months' filing deadline runs from the contract completion deadline or the statutory completion deadline) Raytheon's mechanic's liens were untimely.

Raytheon asserts, however, that where substantial work is necessary to complete the contract beyond the stated completion date, that date may be extended thereby extending the deadline to file a mechanic's lien. *See, e.g., DuPage Bank & Trust Co. v. DuPage Bank & Trust Co. as Trustee,* 122 Ill.App.3d 1015, 78 Ill.Dec. 309, 462 N.E.2d 25, 29 (1984). Where additional work is requested by the owner, the deadline is extended even if the additional work is insubstantial. *See, e.g., Daily v. Mid-America Bank & Trust Co.,* 130 Ill.App.3d 639, 85 Ill.Dec. 828, 474 N.E.2d 788, 790–91 (1985) (four hours' additional work at owner's request extended deadline).

However, the cases cited by Raytheon are not applicable to the section at issue. Both *Daily* and *DuPage* dealt with section 60/7 and the issue of whether the mechanic's lien was filed within four months of completion of the work. This case involves the interpretation of section 60/6 and the issue of whether work was completed within three years of its commencement. In fact, in both *Daily* and *DuPage* the work was completed and the lien filed within three years of commencement. *Daily,* 85

4. The Illinois statute requires mechanic's liens to be filed within four months of comple-

tion of work to be valid against third parties. 770 ILCS 60/7.

Ill.Dec. 828, 474 N.E.2d at 789–90; *Du-Page,* 78 Ill.Dec. 309, 462 N.E.2d at 26–27. Therefore, neither case is relevant to the issue before us.

We conclude that the Illinois statute does require completion of the work within three years of commencement in order for a mechanic's lien to be valid. This interpretation is consistent with the language of the statute and with its history. The language of the statute clearly states that work must be completed within three years, whether or not the contract is oral or written, or whether the written contract has a different date. There is no case which Raytheon cites which counters this interpretation although the statute was passed almost 100 years ago.

Our interpretation is consistent with the prior statute. *See, e.g., Belanger,* 90 Ill. 70 (petition for lien dismissed for failure to aver completion of work within three years); *Cook,* 21 Ill. at 430 (lien dismissed for failure to allege work completed within three years of commencement). The statute was changed from the prior version not to eliminate the three year requirement for written contracts, but to set a three year completion deadline for all contracts, express or implied. Illinois Institute for Continuing Legal Education, *Mechanics Liens in Illinois* § 2.28 (1994).

█ As stated by the Illinois Supreme Court in *Belanger:*

> The statute which gives a mechanic a lien is in derogation of the common law, and must receive a strict construction, and no person can obtain a lien under it unless a clear compliance is shown with the requirements of the statute.

*Belanger,* 90 Ill. 70.

Having failed to complete the work within three years of commencement as required by section 60/6 of the Illinois statute, Raytheon's claim of a mechanic's lien must fail.

## V. CONCLUSION

For the foregoing reasons, the Debtor's Motion for Partial Summary Judgment will be granted.