2025 IL App (2d) 250020-U
No. 2-25-0020
Order filed February 14, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KARINA GARCIA, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 24-MR-473 |
| | ) | |
| MUNICIPAL OFFICERS ELECTORAL | ) | |
| BOARD FOR THE CITY OF AURORA, | ) | |
| | ) | |
| Defendant-Appellant | ) | Honorable |
| | ) | Kevin T. Busch, |
| (Tara Loza, Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Presiding Justice Kennedy and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: The election board erroneously removed the candidate's name from the ballot where the candidate substantially complied with her obligation to file a statement of economic interests.

¶ 2    At issue here is whether defendant, the Municipal Officers Electoral Board for the City of

Aurora (Board), properly struck the name of plaintiff, Karina Garcia, from the preliminary ballot

for the office of the Mayor of Aurora as a result of her purported failure to timely file a proper

statement of economic interests. We affirm the judgment of the circuit court reversing the Board's decision.

¶ 3                                  I. BACKGROUND

¶ 4       On October 28, 2024, the last eligible day to do so, plaintiff filed her nomination papers with the Kane County Clerk's office so that she could run for the office of the Mayor of Aurora in the February 25, 2025, consolidated primary election. The nomination papers included plaintiff's statement of economic interests, which, in and of itself was filed on October 16, 2024. The statement is a fill-in-the-blank form that included spaces for candidates to fill out their name, "[j]ob [t]itle," the "Office, department, or agency that requires you to file this form," and "[o]ther offices, departments, or agencies that require you to file a Statement of Economic Interests form." Under the section of the form reading, "Job title," plaintiff wrote her current occupation, "CEO [of] Aurora Regional Hispanic Chamber of Commerce."

¶ 5       After separately filing the statement of economic interests, plaintiff received a receipt verifying its file date. The receipt also included certain fill-in-the-blank spots, similar to the statement of economic interests, in which candidates were required to fill out their name and the "Office or position of employment for which this statement is filed." Under the latter blank space, plaintiff again wrote her current position—"CEO [of] Aurora Regional Hispanic Chamber of Commerce."

**COMPLETE BUT DO NOT DETACH**
Type or Hand Print Legibly

KARINA Y GARCIA ALANIS

Your Name

CEO AURORA REGIONAL HISPANIC CHAMBER OF COMMERCE

Office or position of employment for which this statement is filed

¶ 6    On November 4, 2024, Tara Loza (Objector) filed a petition objecting to plaintiff's candidacy for the office of Mayor of Aurora. Pertinently, one of Loza's arguments was that plaintiff's nomination papers were fatally flawed in that her statement of economic interests only included her current job title, while section 10-5 of the Election Code (Code) (10 ILCS 5/10-5 (West 2022)) required her to list "the office sought by the candidate." Because plaintiff did not indicate anywhere on the form that she was running for the office of Mayor, Loza argued that the "Nomination Papers [were] fatally flawed."

¶ 7    On November 6, 2024, after the deadline for filing nomination papers had lapsed, plaintiff filed a new statement of economic interests. In this later filing, plaintiff filled out the form to indicate she was running to be mayor of Aurora. Her receipt from the November 6, 2024, filing similarly indicated that the statement was filed so that plaintiff could run for "Candidate for Mayor, City of Aurora."

¶ 8    On November 8, 2024, the Board entered a case management order setting a briefing schedule and allowing the parties time to "file any preliminary motion[s]" as to the matter. Plaintiff filed a motion to dismiss, arguing that she properly filed the statement of economic interests, as it never included any specific request to "disclose which office the form is being filed 'in relation to' or in which unit of local government the candidate is running, or in relation to which public

body the candidate is disclosing financial interests." Instead, the form only included a spot for a candidate to list his or her "job title," which plaintiff asserts was correctly filled, as she currently is the CEO of the Aurora Regional Hispanic Chamber of Commerce. Plaintiff also asserted that her October 16, 2024, statement complied with the Code, in that it was filed with the county clerk, was related to her candidacy, and was timely.[1] Plaintiff further argued that no law required her to "list the office that [she was] running for, or the unit of local government, on the disclosure form." Regardless, even if the earlier statement had been incorrectly filed, plaintiff argued that section 4A-105[2] of the Illinois Governmental Ethics Act (Act) (5 ILCS 420/4A-105 (West 2022)) specified that the failure should not render her ineligible to run in the upcoming election.

¶ 9     On November 25, 2024, the Board denied plaintiff's motion to dismiss as to the statement of economic interests and sustained the objection regarding the statement.

¶ 10     On December 3, 2024, the Board disqualified plaintiff from the ballot, relying on *Jones v. Municipal Officers Electoral Board*, 112 Ill. App. 3d 926, 930 (1983), for the proposition that a candidate who omits their sought-after office in an economic statement renders the statement meaningless. On December 9, 2024, plaintiff filed a petition for judicial review before the circuit court of Kane County, which was granted on January 2, 2025. On January 6, 2025, the circuit court reversed the Board's decision concerning the objection, placing plaintiff back on the ballot. The objector timely appeals.

---

[1]At the hearing on the motion to dismiss, however, Plaintiff seemed to accept that the second statement of economic interests was technically untimely, but "satisfie[d] the spirit of the [Act] for candidates who are being elected on April 1st."

[2]Plaintiff erroneously cited section 4A-106 of the Act (5 ILCS 420/4A-106 (West 2022)) in her motion.

¶ 11                                II. ANALYSIS

¶ 12    At issue in this appeal is whether the Board properly struck plaintiff from the ballot where her statement of economic interests and the accompanying receipt both omitted any indication as to what office plaintiff was seeking.

¶ 13    Our supreme court has noted that "access to a place on the ballot is a substantial right not lightly to be denied." *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 28. According to section 10-5 of the Code, all petitions for nomination "shall" include a "statement of economic interests as required by the *** Act."

> "Nomination papers filed under this Section are not valid if the candidate named therein fails to file a statement of economic interests as required by the *** Act in relation to his candidacy with the appropriate officer by the end of the period for the filing of nomination papers unless he has filed a statement of economic interests in relation to the same governmental unit with that officer during the same calendar year as the year in which such nomination papers were filed." *Id.*

Pursuant to the Act:

> "Any person required to file a statement of economic interests under this Article who willfully files a false or incomplete statement shall be guilty of a Class A misdemeanor; provided, a filer's statement made in reasonable, good faith reliance on the guidance provided by the Secretary of State pursuant to Section 4A-102 or his or her ethics officer shall not constitute a willful false or incomplete statement." 5 ILCS 420/4A-107 (West 2022).

¶ 14    Our supreme court has construed the Code and the Act to find that candidates are not necessarily required to file a statement of economic interests that is "true, correct[,] and complete"

to be placed on the ballot, however. *Welch v. Johnston*, 147 Ill. 2d 40, 53 (1992). Instead, our supreme court has read section 10-5 of the Code and the Act as requiring "the filing of such statements containing no willful or intentional falsehood, whether by inclusion or omission." *Id.* Under this reading of the Code, "it is clear that the failure to file [a statement of economic interests] referred to means a complete failure to file any economic statement within the time prescribed for doing so rather than the filing of an economic statement which is untrue, incorrect or incomplete due to inadvertence or innocent mistake." *Id.* Thus, "removal from the ballot is not a permissible sanction" for a candidate's improper, yet inadvertent, errors appearing within a statement of economic interests, as long as a statement of economic interests has indeed been filed. *Id.* at 43-44.

¶ 15    The legislature has vested the electoral boards with original jurisdiction to hear election disputes. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 209 (2008). Nonetheless, "a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held." 10 ILCS 5/10-10.1 (West 2022). Where a party appeals a circuit court's review of an electoral board's decision under section 10-10.1 of the Code, we, in turn, review the decision of the board and not the court. *Cinkus*, 228 Ill. 2d at 212. Our standard of review depends on the type of question presented in such an appeal.

> "An administrative agency's findings and conclusions on questions of fact are deemed *prima facie* true and correct. In examining an administrative agency's factual findings, a reviewing court does not weigh the evidence or substitute its judgment for that of the agency. Instead, a reviewing court is limited to ascertaining whether such findings of fact are against the manifest weight of the evidence. An administrative agency's factual

determinations are against the manifest weight of the evidence if the opposite conclusion is clearly evident." *Id.* at 210.

On the other hand, "an agency's decision on a question of law is not binding on a reviewing court. For example, an agency's interpretation of the meaning of the language of a statute constitutes a pure question of law. Thus, the court's review is independent and not deferential." *Id.* Even more, when confronted with a "mixed question of fact and law," where we are tasked with applying established facts to the rule of law, we determine whether the election board's decision was clearly erroneous. *Id.* at 211. Under this deferential standard, an agency's decision "will be deemed 'clearly erroneous' only where the reviewing court, on the entire record, is 'left with the definite and firm conviction that a mistake has been committed.' " *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 395 (2001) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). Here, the Board's decision applied established facts to the Code, meaning the review is subject to the "clearly erroneous" standard. *Id.* Nonetheless, we note that our decision would remain the same under any standard.

¶ 16    Here, the objector argues that the election board correctly found that plaintiff failed to file a statement of economic interests, and that the circuit court improperly relied on distinguishable case law in finding otherwise. The objector also asserts that, by filing a corrected statement of economic interests, plaintiff essentially admitted that the prior statement was "fatally flawed." On the other hand, plaintiff argues that the Board did not have authority to examine the specific contents of her statement of economic interests, that striking her name from the ballot was an impermissible sanction, that her statement substantially complied with the Code, and that the Board erred in allowing the objector to amend his objection. Because we agree that striking

plaintiff's name from the ballot was an improper sanction for any inadvertent error appearing on the statement of economic interests, we need not consider the parties' remaining arguments.

¶ 17 Because the record shows that plaintiff's failure to list her sought-after office on her statement of economic interests was inadvertent, the Board erred in striking her name from the ballot. *Welch*, 147 Ill. 2d at 53. Once more, on October 16, 2024, plaintiff first filled out her statement of economic interests. The form included instructions that she list her "Job title," leading plaintiff to reasonably list her current occupation. According to an affidavit that plaintiff filed alongside her motion to dismiss, however, the statement of economic interests was intended to relate to her candidacy for the office of Mayor of Aurora. Thus, the record affirmatively shows that plaintiff made an inadvertent mistake when filling out her current position on the form, as she intended the form to relate to her candidacy, despite the fact that she had listed her current job title. Indeed, her nomination papers, which included the statement of economic interests, otherwise specified her candidacy. The affidavit further states that plaintiff first learned of the confusion surrounding her form once she received the objector's petition. The day after receiving the objector's petition, on November 6, 2024, plaintiff filed a new statement of economic interests, now correctly disclosing that she was a candidate for mayor. No other changes were made to the form. Plaintiff's immediate correction of the form also evidences the fact that she had made an inadvertent mistake when initially listing her current job title in her statement of economic interests. Accordingly, the facts here are clear that plaintiff made an inadvertent mistake in filling out her statement of economic interests. Accordingly, because the Board failed to follow *Welch*

when it struck plaintiff's name from the ballot as a result of the inadvertent mistake, the board's decision removing her from the ballot was clearly erroneous. *Id.*[3]

¶ 18    We recognize that this outcome is inconsistent with *Jones*, as argued by the objector. In *Jones*, a candidate for Chicago alderman from the Third Ward filled out a statement of economic interests, incorrectly listing his current occupation—pastor of a local church—instead of the office he sought. 112 Ill. App. 3d at 928. There, the election board sustained an objection that, due to the error, the candidate failed to fill out a statement of economic interests as required by section 10-5 of the Code. The First District agreed, finding that the legislature's directives that a candidate list their sought-after office on such a form was mandatory rather than directory. *Id.* at 929-930. Consequently, the First District upheld the election board's decision to strike the candidate's name from the ballot. *Id.* at 927.

¶ 19    Nonetheless, *Jones* directly contradicts our supreme court's later decision in *Welch*, which found that an inadvertent mistake in a statement of economic interests is, standing alone, insufficient to strike a candidate's name from the ballot. *Welch*, 147 Ill. 2d at 53.[4] Because our

---

[3]Section 4A-107 of the Act further suggests that inadvertent mistakes on a statement of economic interests do not render the statement a nullity, as the section recognizes that any "good faith" mistakes made under certain circumstances do not render a statement of economic interests as "incomplete." 5 ILCS 420/4A-107 (West 2022).

[4]Interestingly, *Welch* briefly discusses *Jones* before finding the case to be "inapplicable." *Id.* at 56. However, our supreme court provided little explanation for its rationale in sidestepping *Jones*, only stating that "*Jones* [was] of no avail to the plaintiffs [there] for the simple reason that we disagree with them as to what exactly the Election Code, when construed in light of the Ethics Act, mandates of a candidate in relation to the filing of an inadvertently untrue, incorrect and incomplete economic interests statement." In

supreme court is the "final arbiter of state law," we are required to follow its guidance, and not the contrasting and superseded reasoning provided by the First District in *Jones*. *Hampton v. Metropolitan Water Reclamation District of Greater Chicago*, 2016 IL 119861, ¶ 9.

¶ 20     In either event, *Jones* is distinguishable. There, the candidate's name was not stricken from the ballot solely as a result of his failure to indicate which office he was campaigning for within his statement of economic interests, but also because he improperly included the title, "Reverend," on his nominating petition. *Jones*, 112 Ill. App. 3d at 931. The First District found this error to be "in direct violation of the Electoral Code" and that it "tainted" the whole nomination process. *Id.* For this reason, the court found that "the only possible remedy was removal of [the candidate's] name from the ballot." *Id.* In contrast, here, the only relevant objection deals with an inadvertent error on the statement of economic interests, which, pursuant to *Welch*, is an insufficient basis to strike plaintiff's name from the ballot.

¶ 21                                III. CONCLUSION

¶ 22     For the reasons stated, we reverse the Board's decision striking the candidate's name from the ballot.

¶ 23     Circuit court judgment affirmed.

¶ 24     Board decision reversed.

---

either event, *Welch* clearly repudiates *Jones* on the point that any error in a statement of economic interests renders the statement void and of no effect.